NORTH AMERICAN MORTGAGE IN-VESTORS, a Massachusetts business trust, Plaintiff,

v.

FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, a national banking association, Defendant.

Civ. A. No. 74-C-85.

United States District Court, E. D. Wisconsin.

Nov. 26, 1975.

Robert V. Abendroth, Patricia N. Colloton, Milwaukee, Wis., for plaintiff.

David E. Beckwith, Robert A. DuPuy, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Before the Court is the plaintiff's motion for an order requiring the defendant to produce a document described as "[a] memorandum dated April 4, 1973, from Mr. Wayne Brogelman to Mr. Thomas Hearn, regarding analysis of the Participation Agreement." The defendant opposes this motion by asserting that the attorney-client privilege removes the document in question from the scope of allowable discovery. For the reasons hereinafter stated, the plaintiff's motion will be granted.

An outline of the matters involved in this case will aid in understanding plaintiff's motion. On November 11, 1971, the defendant entered into a construction loan agreement with Walter Kassuba Realty Corporation. This agreement provided that the defendant would advance $6,850,000 for the purpose of financing the development of an apartment complex in Fremont, California. In January 1972, defendant and plaintiff entered into a participation agreement which provided that the plaintiff would participate in the November 11, 1971, loan in an amount not to exceed $3,000,000.

Pursuant to the agreement, plaintiff purchased participations in the loan until March 1973. At that time, plaintiff ceased purchasing participations, allegedly because of the defendant's failure to take steps to remedy certain defaults then existing under the construction loan agreement. The loan was not paid on its due date, and the Walter Kassuba Realty Corporation subsequently entered Chapter XI bankruptcy proceedings.

In its amended complaint, plaintiff seeks the recovery of $1,345,000 in participation purchases made through March 1973. Defendant's liability is alleged to rest upon breach of the participation agreement, violation of a fiduciary duty, and lack of the disclosure required by Section 10(b) of the Securi-

ties Exchange Act of 1934. The defendant has asserted a counterclaim, alleging that plaintiff's cessation of participation purchases in March 1973 constituted a breach of the plaintiff's obligations under the participation agreement.

Within this framework of fact, plaintiff has made its motion to compel the production of a certain memorandum. There appears to be no dispute that the memorandum in question was prepared on April 4, 1973, by a Mr. Wayne Brogelman, and that the memorandum was prepared for a Mr. Thomas Hearn, the loan officer in charge of the November 11, 1973, construction loan. The memorandum has been described by the defendant as an analysis of the participation agreement between the parties to this suit. In the absence of inspection, however, the plaintiff maintains it cannot be bound by this description.

There appears to be no question that the memorandum is relevant to the subject matter of this suit. Instead, the defendant's refusal to produce is based on an assertion that the memorandum constitutes an attorney-client communication and, as such, falls within the privilege exception embodied in Rule 26(b)(1) of the Federal Rules of Civil Procedure: "Parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action." (Emphasis added.)

The briefs of the parties on this motion inconsistently describe the capacity of the author of the disputed memorandum, Mr. Wayne Brogelman. In its brief in support of the motion, plaintiff described Mr. Brogelman as "an attorney in the Legal Department of First Wisconsin Mortgage Company * * * identified in answers to interrogatories as having responsibility for the exercise or enforcement of rights under construction loan agreements and the collateral security therefor." (P. 14). The defendant concurred in this characterization in its opposing brief. (P. 15). In its reply brief, however, plaintiff asserted that "[i]n April of 1973, Mr. Brogelman was not functioning as house counsel. Defendant's answers to plaintiff's first set of interrogatories verify that during the period January 1, 1972 to November 10, 1973, Mr. Brogelman occupied the position of 'Mortgage Banking Officer' with both the defendant Bank and First Wisconsin Mortgage Company, and, further, that he first assumed the position of 'house counsel' on November 10, 1973." (P. 11).

■■ The conflicting descriptions of Mr. Brogelman's functions are not without significance. It is self-evident that a claim of an attorney-client privilege must fail unless one party to the relationship is in fact *functioning as* an attorney. The corporate capacity of the client and the fact that the attorney is "house counsel" do not render the privilege unavailing. *American Optical Corp. v. Medtronic, Inc.,* 56 F.R.D. 426, 430 (D.Mass.1972). The possession of a law degree and admission to the bar is not enough to establish a person as an attorney for purposes of determining whether the attorney-client privilege applies. For the privilege to exist, the lawyer must not only be functioning as an advisor, but the advice given must be predominantly legal, as opposed to business, in nature. *Commonwealth of Puerto Rico v. S. S. Zoe Colocotroni,* 61 F.R.D. 653, 660 (D.Puerto Rico 1974).

Apart from the role and function of the persons party to the allegedly privileged communication, a separate question may exist as to the privilege's applicability to the type and content of the communication here involved. The defendant has characterized the Brogelman memorandum as "an analysis of the participation agreement." Defendant does not claim that the memorandum contains or otherwise refers to *facts* communicated to an attorney in confidence by his client; to the contrary, the only "fact" discussed in the memorandum is the participation agreement, a document of

which the plaintiff, as a party to the agreement, obviously has knowledge. The attorney-client privilege is thus claimed only as to legal advice, opinions, and conclusions about matters covered in the agreement. Although some courts have held that legal opinions and advice are within the scope of the attorney-client privilege, *American Optical Corp. v. Medtronic, Inc.*, 56 F.R.D. 426, 430 (D. Mass.1972), other courts have held that the privilege is inapplicable to such matters. See, *Commonwealth of Puerto Rico v. S. S. Zoe Colocotroni*, 61 F.R.D. 653, 659 (D.Puerto Rico 1974); cf. *United States v. Real Estate Bd. of Metropolitan St. Louis*, 59 F.R.D. 637 (E.D. Mo.1973). The cases finding the privilege inapplicable to legal advice and opinions have gone on to consider the effect of the work product doctrine on such matters. See, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Rule 26(b)(3), F.R.Civ.P. The parties, however, have not briefed or otherwise argued that question, and the Court accordingly declines to express any opinion on the matter.

 The Court does not feel that the previously discussed questions of Mr. Brogelman's capacity or the nature and quality of the communication in question need be decided to dispose of the matter at hand. The law places the burden of proving the applicability of the attorney-client privilege on the party resisting discovery on those grounds. *Commonwealth of Puerto Rico v. S. S. Zoe Colocotroni*, 61 F.R.D. 653, 658 (D. Puerto Rico 1974); *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 93 (D.Del.1974). To meet that burden, the party resisting discovery should show by affidavit sufficient facts to bring the disputed matters within the confines of the privilege. *International Paper Co. v. Fibreboard Corp.*, supra, at 94. *In camera* examination by the Court of the document here in question does not constitute an adequate or suitable substitute for such proof. *International Paper Co. v. Fibreboard Corp.*, supra. In applying these standards to the instant case, the Court concludes that the defendant has failed to meet its burden of proof.

It is therefore ordered that plaintiff's motion for an order requiring the defendant to produce for inspection and copying a document described as "[a] memorandum dated April 4, 1973, from Mr. Wayne Brogelman to Mr. Thomas Hearn, regarding analysis of the Participation Agreement" be and hereby is granted.

It is further ordered that plaintiff's motion for an award of the costs and expenses of bringing this motion is denied.