FEDERAL SAVINGS AND LOAN IN-
SURANCE CORPORATION, as Receiv-
er for San Marino Savings and Loan
Association, Plaintiff,

v.

COMMONWEALTH LAND TITLE IN-
SURANCE COMPANY, Defendant
and Third–Party Plaintiff,

v.

McDEVITT & STREET COMPANY,
Third–Party Defendant.

Civ. A. No. 86–1063SSH.

United States District Court,
District of Columbia.

March 16, 1990.

Daniel M. Litt, Washington, D.C., for plaintiff.

John H. Rust, Jr., Fairfax, Va., for defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on three intertwined motions for reconsideration of three of Magistrate Dwyer's discovery rulings. Defendant Commonwealth Land Title Insurance Company (Commonwealth) appeals Magistrate Dwyer's Order filed August 18, 1987, granting in part and denying in part plaintiff's motion to compel production of documents. Plaintiff Federal Savings and Loan Insurance Corporation (Federal S & L) appeals Magistrate Dwyer's Order filed October 30, 1987, denying plaintiff's motion for reconsideration of a portion of the same August 18, 1987, Order which dealt with the production of documents pertaining to defendant's policies, and its practice and procedure manuals. Defendant Commonwealth also appeals Magistrate Dwyer's September 11, 1987, Order requiring Commonwealth to produce for inspection documents dealing with the policies and manuals not produced *in camera* for previous inspection. Upon consideration of the motions, the oppositions thereto, and the entire record, the

Court concludes that all three motions should be denied.

## BACKGROUND

On February 13, 1987, plaintiff moved to compel Commonwealth to produce any and all documents responsive to plaintiff's first request for the production of documents pursuant to Fed.R.Civ.P. 34 and 37(a)(2). Plaintiff claimed that Commonwealth responded to only 12 of the 28 categories of documents requested. Plaintiff further claimed that Commonwealth failed to produce an index of documents for which it claims a privilege against production, thereby precluding any evaluation by the plaintiff or the Court of documents. Commonwealth claims that it provided all discoverable responses and objected to the remaining requests on the grounds of relevance, attorney-client privilege, and work product protection. On May 15, 1987, Magistrate Dwyer heard plaintiff's motion to compel and took it under advisement.

Magistrate Dwyer viewed most of the documents that Commonwealth withheld *in camera*. Commonwealth did not provide the Magistrate with its policies or proceedure manuals. On August 18, 1987, Magistrate Dwyer held, after a careful examination of the documents provided, that defendant's opposition on the grounds of work product and/or attorney-client privilege was well founded as to some of the documents, and plaintiff's motion to compel as to them was denied. Magistrate Dwyer also held that other documents were not protected and had to be released. A few pages the magistrate found to be illegible, so the magistrate made no ruling as to them.

Commonwealth immediately appealed the magistrate's decision.[1] Plaintiff, on September 4, 1987, 17 days after the magistrate's decision, filed a motion for reconsideration. Plaintiff's motion would be better classified as a motion for clarification. Plaintiff did not contest any ruling made in

the magistrate's August 18 Order. Plaintiff's motion expressed concern about the August 18 Order's failure to address whether Commonwealth's procedure and policy manuals could be obtained. According to plaintiff's motion, during the oral hearing Magistrate Dwyer stated that she would also review this issue in spite of Commonwealth's failure to produce these documents for *in camera* inspection. On September 11, 1987, Magistrate Dwyer issued an Order stating that the August 18 Order only dealt with the documents which had been submitted for *in camera* review; however, the Court ordered Commonwealth to produce within ten days for inspection its policies and procedure manuals. On September 15, 1987, Commonwealth opposed plaintiff's motion for reconsideration as untimely. On September 18, 1987, Commonwealth appealed Magistrate Dwyer's September 11 Order requiring Commonwealth to produce the policy manual documents.

On October 22, 1987, Magistrate Dwyer denied plaintiff's motion for reconsideration.[2] Plaintiff's appealed this decision on October 30, 1987.

## REVIEW OF MAGISTRATE DWYER'S ORDERS

Upon a motion for reconsideration of a magistrate's determination of non-dispositive motions and other pretrial matters, a judge may modify or set aside any portion of the Order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Indiana Coal Council v. Hodel*, 118 F.R.D. 264, 266 (D.D.C.1988). A magistrate's determination is clearly erroneous when, "although there is evidence to support [a finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 (D.N.J. 1988) (citing *United States v. Gypsum*, 333

---

1. Defendant Commonwealth filed its appeal on August 28, 1987.

2. Magistrate Dwyer denied plaintiff's motion for reconsideration because plaintiff's motion was not filed in a timely fashion. *See* October 20, 1987, Order.

U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

■ Although the three appeals are closely related, the Court addresses each motion separately. First, the Court addresses plaintiff's appeal from Magistrate Dwyer's October 20, 1987, Order denying plaintiff's September 4, 1987, motion for reconsideration. It is clear to the Court that plaintiff's motion for reconsideration did not require Magistrate Dwyer to reconsider anything addressed in the August 18, 1987, Order. The motion simply brought to the magistrate's attention documents which were not addressed in the August 18 Order. Therefore, since it was not technically an appeal, it did not have to be filed within the ten-day period. Furthermore, since Magistrate Dwyer addressed the documents mentioned in plaintiff's motion in the her September 15, 1987, Order, plaintiff was not hurt by Magistrate Dwyer's subsequent denial of plaintiff's motion a month later. Accordingly, the Court denies this motion as moot.

■ The Court next addresses Magistrate Dwyer's Order requiring Commonwealth to produce the policy manuals. In its appeal Commonwealth relies on its prior opposition to plaintiff's motion to compel. Commonwealth argues that documents pertaining to Commonwealth's internal policies are not relevant and inadmissable to show defendant's negligence in performing its responsibilities. Commonwealth cites Virginia precedent for restricting the use of internal guidelines to show negligence. Commonwealth also cites the unpublished decision of the Fourth Circuit in *Strayer v. Halterman*, 725 F.2d 677 (4th Cir.1984). The *Strayer* case deals with the admission of internal guidelines and policy at trial, and thus can be distinguished. Relevancy in discovery is to be broadly construed. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Information which is not admissible at trial is not necessarily protected from discovery. *See Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C.Cir.1975). Accordingly, the Court does not find that the magistrate's Order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Therefore, defendant's appeal is denied.

The remaining related discovery appeal involves Magistrate Dwyer's August 18, 1987, ruling on documents reviewed *in camera*. Magistrate Dwyer carefully and diligently reviewed all of the documents and concluded that some of the documents were protected, and ordered some, which were not protected, to be released. The Court has reviewed the documents and fails to find any clear error in the magistrate's decisions. Accordingly, the Court also denies this appeal of Commonwealth's.

An appropriate Order accompanies this Opinion.

SO ORDERED.

### ORDER

Before the Court now are appeals of three separate Orders issued by Magistrate Dwyer. For the reasons set out in the accompanying Opinion, it hereby is

ORDERED, that defendant Commonwealth Land Title Insurance Company's (Commonwealth) motion for reconsideration of Magistrate Dwyer's Order filed August 18, 1987, is denied. It hereby further is

ORDERED, that Plaintiff Federal Savings and Loan Insurance Corporation's motion for reconsideration of Magistrate Dwyer's October 30, 1987, Order is denied as moot. It hereby further is

ORDERED, that defendant Commonwealth's motion for reconsideration of Magistrate Dwyer's September 11, 1987, Order is denied.

SO ORDERED.