**BOCA INVESTERINGS PARTNERSHIP, et al., Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civil Action No. 97–0602 (PLF).**

United States District Court, District of Columbia.

Dec. 29, 1998.

Christopher Kliefoth, Karla Palmer, McDermott Will & Emery, Washington, DC, for Plaintiffs.

Richard L. Gilman, Michael J. Salem, Thomas P. Holderness, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

PÀUL L. FRIEDMAN, District Judge.

In a Memorandum Opinion and Order entered on June 9, 1998, Magistrate Judge Facciola considered plaintiffs' claim of attorney-client privilege with respect to eleven documents and defendant's motion to compel production of those documents. He granted

the motion in part and denied it in part, requiring that Document Nos. 1, 3, 4, 7, 8, 9 and 10 be produced in their entirety and that Document Nos. 2, 5 and 11 be produced in redacted form; he concluded that Document No. 6 was privileged and need not be produced at all. Plaintiffs moved for clarification and, on July 27, 1998, Magistrate Judge Facciola entered an order denying that motion. The matter is now before this Court on defendant's motion for reconsideration of the Magistrate Judge's rulings. Specifically, defendant seeks those portions of Document Nos. 5 and 11 that were redacted by the Magistrate Judge and production of Document No. 6 in its entirety.

Under Rule 72(a) of the Federal Rules of Civil Procedure, a losing party may file objections to or seek reconsideration of a magistrate judge's order. The district judge shall "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Rule 72(a), Fed.R.Civ.P. *See also* Local Rule 503(c) (reiterating "clearly erroneous or contrary to law" standards); *In re United Mine Workers of America Employee Benefit Plans Litigation,* 159 F.R.D. 307, 308 (D.D.C.1994); *FSLIC v. Commonwealth Land Title Insurance Co.,* 130 F.R.D. 507, 508 (D.D.C.1990). Having carefully reviewed Magistrate Judge Facciola's opinion and orders, the Court cannot conclude that his determinations with respect to the applicability of the attorney-client privilege to the redacted portions of Document Nos. 5 and 11 and the entirety of Document No. 6 are either clearly erroneous or contrary to law.

■ The author of Document No. 5 is Thomas M. Nee, whom plaintiffs identify as "Vice President for Taxes for AHP." Mr. Nee is a lawyer (although not a member of the New York Bar) who does not work in the Legal Department or for the General Counsel of AHP but rather for the Tax Department, a corporate component within AHP's Financial Group. The defendant argues that because Mr. Nee's position was not organizationally within AHP's Legal Department, because he was not under the direction and control of the General Counsel, and because he was not a member of the bar of the

jurisdiction in which he was purporting to practice law, he may not invoke the attorney-client privilege. All of these factors, defendant suggests, indicate that Mr. Nee was not engaged in the practice of law or in providing legal advice but, rather, that he was providing some sort of business advice. Since the burden of demonstrating the right to protect material as privileged rests with the party asserting the privilege, *see, e.g., Bartholdi Cable Co., Inc. v. FCC,* 114 F.3d 274, 280 (D.C.Cir.1997); *In re Sealed Case,* 737 F.2d 94, 99 (D.C.Cir.1984); *Brinton v. Department of State,* 636 F.2d 600, 603–04 (D.C.Cir. 1980), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981), the defendant concludes that Magistrate Judge Facciola was wrong not to require disclosure of Document No. 5 in its entirety.

■ Communications made by and to in-house lawyers in connection with representatives of the corporation seeking and obtaining legal advice may be protected by the attorney-client privilege just as much as communications with outside counsel. *See Upjohn Co. v. United States,* 449 U.S. 383, 389–97, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *In re Sealed Case,* 737 F.2d at 99; *United States v. United Shoe Mach. Corp.,* 89 F.Supp. 357, 360 (D.Mass.1950). By contrast, communications made by and to the same in-house lawyer with respect to business matters, management decisions or business advice are not protected by the privilege. *See United States v. Rowe,* 96 F.3d 1294, 1297 (9th Cir.1996); *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983; Marc Rich & Co., A.G. v. U.S.,* 731 F.2d 1032, 1036–37 (2d Cir.1984); *U.S. Postal Service v. Phelps Dodge Refining Corp.,* 852 F.Supp. 156, 160 (E.D.N.Y.1994); *Valente v. Pepsico, Inc.,* 68 F.R.D. 361, 367 (D.Del. 1975); *United States v. United Shoe Mach. Corp.,* 89 F.Supp. at 359–60. "The possession of a law degree and admission to the bar is [sic] not enough to establish a person as an attorney for purposes of determining whether the attorney-client privilege applies.... the lawyer must not only be functioning as an advisor, but the advice given must be predominately legal, as opposed to business, in nature." *North Am. Mortgage Investors v.*

*First Wisconsin Nat'l Bank,* 69 F.R.D. 9, 11 (E.D.Wis.1975); *see United States v. International Business Machines Corp.,* 66 F.R.D. 206, 212–13 (S.D.N.Y.1974) (lawyer must give predominately legal advice, "not solely, or even largely, business advice"). When a lawyer acts merely to implement a business transaction or provides accounting services, the lawyer is like any other agent of the corporation whose communications are not privileged. *See United States v. Wilson,* 798 F.2d 509, 513 (1st Cir.1986); *United States v. Davis,* 636 F.2d 1028, 1043–44 (5th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *Hardy v. New York News, Inc.,* 114 F.R.D. 633, 643–44 (S.D.N.Y.1987).

■ A corporation can protect material as privileged only upon a "clear showing" that the lawyer acted "in a professional legal capacity." *In re Sealed Case,* 737 F.2d at 99. Because an in-house lawyer often has other functions in addition to providing legal advice, the lawyer's role on a particular occasion will not be self-evident as it usually is in the case of outside counsel. A court must examine the circumstances to determine whether the lawyer was acting as a lawyer rather than as business advisor or management decision-maker. One important indicator of whether a lawyer is involved in giving legal advice or in some other activity is his or her place on the corporation's organizational chart. There is a presumption that a lawyer in the legal department or working for the general counsel is most often giving legal advice, while the opposite presumption applies to a lawyer such as Mr. Nee who works for the Financial Group or some other seemingly management or business side of the house. *See In re Sealed Case,* 737 F.2d at 99; *Hardy v. New York News, Inc.,* 114 F.R.D. at 643–44. A lawyer's place on the organizational chart is not always dispositive, and the relevant presumption therefore may be rebutted by the party asserting the privilege.

At his deposition, Mr. Nee described his responsibilities as follows:

I was responsible for the corporation's worldwide tax matters, which included providing tax counsel on all transactions the company might enter into; as well as responsibility for filing all the corporation's tax returns both in the United States— federal, state and local returns—as well as making sure that the laws of all the foreign countries we operated in were adhered to from a tax standpoint, and that the proper filings would be made; handling all of the company's tax audits; possible litigation that might come up on tax issues, whether they be state or federal or foreign.

Deposition of Thomas Nee ("Nee Dep.") at 10–11. With respect to Document No. 5, the memorandum in question, Mr. Nee testified that "the purpose of the memorandum was to give tax advice to American Home Products Corporation.... They requested that I advise them on the tax consequences of entering the Investerings Partnership." Nee Dep. at 92–93. Finally, in response to the question whether "any business justifications, aside from tax considerations" were contained in the memorandum, Mr. Nee testified that the memorandum dealt "exclusively with giving tax advice with respect to financial transactions.... Business justifications were not set out .... The memorandum does not discuss motivation. It gives tax advice on the consequences of certain transactions." Nee Dep. at 112–14.

■ While preparation of tax returns and handling tax audits are functions that may or may not be performed by a lawyer and memoranda and conversations in connection therewith generally should not be considered privileged, *see United States v. Davis,* 636 F.2d at 1043; *Canaday v. United States,* 354 F.2d 849, 857 (8th Cir.1966); *cf. United States v. El Paso Co.,* 682 F.2d 530, 539 (5th Cir.1982), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984), Mr. Nee gave "tax advice with respect to [the] financial transactions discussed in the memorandum" and "on the consequences of certain transactions." Nee Dep. at 112–14. Magistrate Judge Facciola distinguished portions of the memorandum relating to such advice from other portions of the memorandum that "do not discuss the transaction as contemplated ... [but instead] communicate either the lawyer's opinion as to the technical soundness of the contemplated transactions

and information for a third party, Merrill Lynch." Opinion of Magistrate Judge Facciola at 10–11 (June 9, 1998). He found the former privileged and therefore protected, and he required production of the latter. This Court cannot say that Magistrate Judge Facciola's opinion on this score is either clearly erroneous or contrary to law. *See* Rule 72(a), Fed.R.Civ.P.

Document No. 6, which Magistrate Judge Facciola found privileged in its entirety, is a memorandum prepared by two lawyers from the law firm of Lee Toomey & Kent and sent to Thomas Nee. Defendant concedes that if the confidential factual information contained in the memorandum was received by the law firm from American Home Products it is privileged. *See* Def. Mot. for Reconsideration at 16. Defendant argues, however, that plaintiffs do not state this as a fact and Magistrate Judge Facciola did not so find. In fact, American Home Products did state in its brief to the Magistrate Judge, "So there can be no confusion ... AHP hereby asserts that the factual information contained in the Lee Toomey memorandum was provided to AHP's outside tax lawyers by AHP." *See* Pl's Reply Addressing Privileged Docs at 13. Against this background, Magistrate Judge Facciola reviewed Document No. 6 *in camera* and determined that because the document consisted of communications concerning "the transactions as contemplated by AHP and its lawyers" the document was privileged. Opinion of Magistrate Judge Facciola at 10 (June 9, 1998). The Court cannot find that this determination is clearly erroneous. *See* Rule 72(a), Fed.R.Civ.P.

Finally, with respect to Document No. 11, an opinion letter prepared by Lee Toomey & Kent, Magistrate Judge Facciola, having reviewed the document *in camera,* found it to be a formal opinion letter as to the tax consequences of the transaction. He redacted portions of the opinion that disclosed the transaction as contemplated but made available to the defendant information that is publicly known, the attorney's opinion as to such information and any and all references to already completed financial transactions. He directed that Document No. 11 be produced in redacted form. Again, this

Court cannot say that the Magistrate Judge's decision was erroneous or contrary to law. *See* Rule 72(a), Fed.R.Civ.P. Accordingly, it is hereby

ORDERED that the defendant's motion for reconsideration of Magistrate Judge Facciola's ruling on the attorney-client privilege claims is DENIED.

SO ORDERED.