**SPECTRA–PHYSICS LASERS, INC., a Delaware corporation, Plaintiff,**

v.

**UNIPHASE CORPORATION, a California corporation, Defendant.**

**No. C–91–20606–RMW (PVT).**

United States District Court, N.D. California.

Aug. 17, 1992.

John M. Benassi and James H. Shalek, Los Angeles, Cal., Steven D. Hemminger, Lyon & Lyon, San Jose, Cal., Mari M. Gursky Shaw and Diane Siegel Danoff, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.

Thomas O. Herbert, Flehr, Hohbach, Test, Albritton & Herbert, Palo Alto, Cal., C. Michael Zimmerman, Richard P. Doyle and Michael L. Louie, Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, Cal., for defendant.

### ORDER DENYING MOTION FOR BIFURCATION

WHYTE, District Judge.

Defendant Uniphase Corporation has moved this court pursuant to Fed.R.Civ.P. 42(b) for bifurcation of discovery and trial. Uniphase seeks to have the issues of validity, infringement, marking and notice of infringement tried separately from and before the issues of willful infringement and damages. In addition, Uniphase seeks to postpone discovery on willful infringement and damages until after the initial trial. Plaintiff Spectra–Physics Lasers, Inc. vigorously opposes the motion on the ground that Uniphase has failed to meet its burden that bifurcation is warranted in this case. This matter came on for hearing on August 14, 1992. Having considered the arguments and the memoranda of the parties, the court finds Spectra–Physics' arguments persuasive. The court finds that Uniphase, the moving party, has failed to meet its burden that bifurcation is warranted here, and, accordingly, denies the motion without prejudice.

In September of 1991, Spectra–Physics filed this action against Uniphase alleging patent infringement of its United States Patent No. 4,615,034 and Reexamination Certificate B1 4,615,034 (the "'034 patent"). By way of relief, Spectra–Physics seeks a declaration that Uniphase infringed the '034 patent. Spectra–Physics also seeks a preliminary or permanent injunction, three times its actual damages, and its costs and attorneys' fees. The factual discovery cut-off date in this case is July 31, 1992. The expert discovery cut-off date is August 28, 1992. A court trial is set to commence on December 2, 1992.

### Discussion

In support of its present motion, Uniphase argues that the issues of liability and validity involve facts separate and distinct from those that relate to the issues of willful infringement and damages. In addition, Uniphase argues that the complexity of the damages calculation makes this case particularly appropriate for bifurcation. Uniphase contends that separation of liability and validity issues from damages issues are routinely granted in patent actions. It further contends that bifurcation of the willful infringement issue is necessary to avoid intrusion into its attorney-client privilege, the waiver of which would aid Uniphase in its defense to the willful infringe-

ment claim but might prejudice it on the issue of liability. Finally, Uniphase requests that the court immediately stay discovery on the willful infringement and damages issues until the trial on liability is completed. Uniphase contends that such a stay will defer and possibly avoid altogether costly discovery.

■ Spectra–Physics argues convincingly that this court should deny Uniphase's motion. As it relates to a stay of discovery, Spectra–Physics points out, the motion comes too late. Indeed, this action has been pending for almost a year, and the factual discovery cut-off date has already passed. If Uniphase was concerned with burdensome and potentially unnecessary discovery, it should have brought this motion many months ago. Discovery is almost complete at this time. Thus, the court denies Uniphase's motion for a stay of discovery on the willful infringement and damages issues pending trial on liability.

■ With respect to both discovery and trial, Spectra–Physics contends, Uniphase has not met its burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties. *See Smith v. Alyeska Pipeline Service,* 538 F.Supp. 977 (D.Del.1982), *aff'd,* 758 F.2d 668 (Fed.Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985) ("[m]otions to separate the issues of liability and damages are to be granted by the court on a case-by-case basis only when the separation will result in judicial economy and will not unduly prejudice any party."). The court agrees. As the party seeking bifurcation, Uniphase has the burden of proving that bifurcation is justified given the facts in this case, *see Willemijn Houdstermaatschaapij BV v. Apollo Computer,* 707 F.Supp. 1429, 1435 (D.Del.1989), but has not met that burden.

■ Uniphase has failed to present sufficient facts to show that bifurcation will promote judicial economy or that no party will be prejudiced by the bifurcation. Uniphase cites to several patent cases in which the courts granted requests to bifurcate. For example, Uniphase cites to *Smith v.*

*Alyeska,* 538 F.Supp. 977, a case in which the court bifurcated the issues of liability and damages. However, in that case, unlike here, the moving party presented evidence that the issue of damages was complex by representing to the court that to prepare the damages issue would require a review of millions of documents and require extensive time both during discovery and trial. In addition, in that case, the moving party showed that the issues of liability and damages did not overlap. In this case, by contrast, Uniphase has presented no such evidence. Thus, it has failed to meet its burden of proving that bifurcation will promote judicial economy.

Moreover, Uniphase has failed to show how prejudice to the parties will be avoided through bifurcation. Spectra–Physics points out that, under the principles enunciated in *Willemijn* (cited with approval by Uniphase), prejudice "may simply amount to unfair delay to the final disposition of the matter." 707 F.Supp. at 1435 (citations omitted). The court finds that logic dictates that holding two trials, as opposed to one, will inevitably cause delay in resolution of the instant case. Since Uniphase has failed to make a convincing argument otherwise, the court finds that Spectra–Physics will be prejudiced by the bifurcation.

■ Uniphase's alternative argument, that bifurcation of the willful infringement issue is necessary to avoid intrusion into Uniphase's attorney-client privilege is also unavailing. As Spectra–Physics highlights in its opposition papers, courts should consider a separate trial on willfulness only "whenever the particular attorney-client communications, once inspected by the court *in camera,* reveal that the defendant is indeed confronted with this dilemma." *Quantum v. Tandon,* 940 F.2d 642, 644 (Fed.Cir.1991). In this case, Uniphase has not even alleged that it faces the problem outlined in *Quantum,* let alone tendered the attorney-client communications for *in camera* inspection. In addition, given that the instant case will be tried to the court, not a jury, the concern expressed by Uniphase regarding its disclosure of privileged attorney-client communications may well be unfounded. *See Laitram Corp. v. Hewlett–Packard Co.,* 791 F.Supp. 113 (E.D.La.

1992). Thus, at this time, the court finds that Uniphase has failed to meet its burden that bifurcation of the willful infringement issue is warranted.

Accordingly, it is ordered that defendant Uniphase's motion for bifurcation of discovery and trial is hereby denied without prejudice.