**BELMONT TEXTILE MACHINERY COMPANY, Plaintiff,**

v.

**SUPERBA, S.A. and American Superba, Inc., Defendants.**

No. 3:97–CV–410–P.

United States District Court, W.D. North Carolina, Charlotte Division.

April 5, 1999.

**522**

Gregory Madera, Boston, MA, W. Thad Adams, Charlotte, NC, for plaintiff.

Blas Arroyo, Charlotte, NC, Samuel Layton, Charlotte, NC, for defendant.

### ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Plaintiff's Motion in Limine to Preclude Defendants from Relying on Attorney Advice in Presenting Arguments Relating to Willful Patent Infringement [document no. 13, filed January 21, 1999]; Plaintiff's Motion to Compel Deposition and Alternative Motion in Limine [documents no. 14–1 and no. 14–2, filed February 10, 1999]; Defendants' Motion to Compel Discovery and to Extend the Discovery Period Commensurately [documents no. 15–1 and no. 15–2, filed February 10, 1999]; and Defendants' Motion to Bifurcate Trial of this Action and Request for Hearing [documents no. 17–1 and no. 17–2, filed February 12, 1999].

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Belmont Textile Machinery Company ("Belmont") filed this action on July 25, 1997, alleging that Defendants Superba, S.A. and American Superba, Inc. ("Superba") were infringing United States Patent No. 5,594,968 ("the '968 patent"), which covers "a method and apparatus for space dyeing yarn." Belmont further alleges that Superba's infringement has been willful, thereby giving rise to punitive damages. Superba asserts that it does not infringe, that the '968 patent is invalid, and

that, in any event, it acted in good faith. Superba points to the involvement of counsel in decisions to make, use, sell, and offer to sell its products as evidence rebutting the charges of willful infringement.

In the current set of motions, Belmont contends that Superba may not rely on the advice-of-counsel defense unless Superba waives its attorney-client privilege as to the entire subject area. Absent such a waiver, Belmont argues that Superba must relinquish the defense. Superba asserts that the best way to avoid this dilemma is to bifurcate the trial and discovery, presenting the issue of liability first and the issues of willfulness and damages second.

The parties also seek intervention by the Court in certain discovery matters. Belmont moves the Court to compel Superba to make three of its employees in France available for deposition or, alternatively, to prevent any exculpatory evidence relating to these officers from being presented at trial. Meanwhile, Superba moves the Court to compel Belmont to produce proposed trial witnesses for deposition. Superba also asks the Court to extend the discovery deadline to allow for the completion of this additional discovery because, under the Pretrial Order and Case Management Plan and extensions made thereto, the discovery period ended on February 28, 1999.

## II. DISCUSSION AND ANALYSIS

### A. Belmont's Motion in Limine to Preclude Attorney Opinions as a Defense to Willfulness

The primary focus of a willful infringement inquiry is the accused infringer's intent and reasonable beliefs. *Ortho Pharmaceutical Corp. v. Smith,* 959 F.2d 936, 944 (Fed.Cir.1992). An accused infringer has an affirmative duty to diligently ascertain whether he or she is infringing the patent in question. *Underwater Devices Inc. v. Morrison–Knudsen Co., Inc.,* 717 F.2d 1380, 1389 (Fed.Cir.1983). Perhaps the most important factor in deter-

mining willfulness is whether the potential infringer sought and obtained competent legal advice before initiating or continuing the allegedly infringing activity. *Ortho Pharmaceutical,* 959 F.2d at 944; *see Gillette Co. v. S.C. Johnson & Son Inc.,* 12 U.S.P.Q.2d (BNA) 1929, 1964 (D.Mass. 1989) ("The absence of an opinion is extremely telling."), *aff'd,* 919 F.2d 720 (Fed. Cir.1990).

Given the emphasis on obtaining attorney opinions, a dilemma arises for an accused infringer, who must either (1) rely on such advice as a defense and thereby waive the attorney-client privilege as to the entire subject area or (2) relinquish the advice-of-counsel defense. *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 644 (Fed.Cir.1991); *see generally* 7 Donald S. Chisum, *Chisum on Patents* § 20.03[4][b][v][J] (1998). "The rationale for this rule is that it would be unfair for a party to insist on the protection of the attorney-client privilege for damaging communications while disclosing other selected communications because they are self-serving." *McCormick–Morgan Inc. v. Teledyne Indus. Inc.,* 765 F.Supp. 611, 613, 21 U.S.P.Q.2d (BNA) 1412, 1424 (N.D.Cal.1991).

■ Of course, there is no *per se* rule that the lack of an attorney opinion gives rise to a finding of willfulness, nor is there a *per se* rule that the presence of an attorney opinion will preclude a finding of willfulness. *Rite–Hite Corp. v. Kelley Co.,* 819 F.2d 1120, 1125 (Fed.Cir.1987). Rather, courts must examine the "totality of the circumstances." *Id.; see Read Corp. v. Portec, Inc.,* 970 F.2d 816, 826–27 (Fed. Cir.1992) (listing nine factors to be considered in determining whether to award increased damages, including, *inter alia,* the infringer's behavior as a litigant, the closeness of the case, and the infringer's concealment of misconduct).

■ Here, Belmont has requested access to the advisory opinion of Superba's counsel—as well as to the information used by Superba's counsel to formulate its opinion—that it did not infringe the '968 patent. Superba apparently wants to rely on selected statements of its counsel to show its good faith. This would be simply unfair. If Superba is to rely on the advice-of-counsel defense, Belmont must have access to the privileged information underlying the advisory opinion of Superba's counsel, including whether counsel examined the file history of the patents, whether the opinion was oral or written, whether the opinion came from in-house or outside counsel, whether any adverse opinions were obtained, and so on. How can Belmont—or the trier of fact for that matter—analyze Superba's reliance upon the advice of counsel without reference to the circumstances surrounding the issuance of the advice or the formation of the opinions contained in the advice? Superba cannot be permitted "to rely on self-serving documents in its defense while withholding potentially damaging information under the guise of the attorney-client privilege." *Mushroom Assocs. v. Monterey Mushrooms Inc.,* 1992 WL 442892, 24 U.S.P.Q.2d (BNA) 1767, 1770 (N.D.Cal. 1992).

The Court recognizes that the attorney-client privilege is "a basic, time-honored privilege" warranting careful consideration. *Quantum,* 940 F.2d at 644. As such, the Court will allow Superba to stand behind its attorney-client privilege and refuse to produce its opinions. The Court admonishes Superba that exercise of the privilege will preclude it from introducing the privileged evidence at trial and may result in an adverse inference. *See, e.g., Fromson v. Western Litho Plate and Supply Co.,* 853 F.2d 1568, 1572–73 (Fed.Cir. 1988); *ALM Surgical Equip. Inc. v. Kirschner Medical Corp.,* 1990 WL 123996, 15 U.S.P.Q.2d (BNA) 1241, 1251 (D.S.C.1990). The Court will allow Superba ten business days from the entry of this Order to elect whether to disclose its opinions of counsel and related documents. Absent a waiver of the privilege, the Court will grant Belmont's Motion in Limine, thereby preclud-

ing Superba from relying on attorney advice as a defense to willfulness.

## B. Belmont's Motion to Compel Deposition and Alternative Motion in Limine

The Federal Rules of Civil Procedure permit broad discovery of "any matter, not privileged, which is relevant." Fed. R.Civ.P. 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This rule is construed liberally. *Capacchione v. Charlotte–Mecklenburg Schools,* 182 F.R.D. 486, 489 (W.D.N.C.1998) (citing *Blount v. Wake Elec. Membership Corp.,* 162 F.R.D. 102, 104 (E.D.N.C.1993)). Discovery requests are undoubtedly proper when they lead to relevant or potentially relevant information that will advance the litigation by clarifying a party's contentions and apprising a party of what it must seek to disprove. *Id.* (citing *Mack v. W.R. Grace & Co.,* 578 F.Supp. 626, 638 (N.D.Ga. 1983)). The discovery methods used by either party shall be limited, however, if the Court determines that the discovery sought is unreasonably cumulative or may be obtained by some other source that is more convenient, less burdensome, or less expensive, Fed.R.Civ.P. 26(b)(2).

Belmont seeks to depose three Superba employees—Alphonse Hartmann, Pierre Henry, and Francois Saura—all of whom reside in or around Mulhouse, France. As an initial matter, the ability of this Court to compel the depositions of French citizens raises jurisdictional concerns and the role of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, codified at 28 U.S.C. § 1781 (the "Hague Convention"). The Hague Convention exists to protect the territorial sovereignty of foreign signatory States and therefore is applicable when depositions of party witnesses are sought to be taken within the geographic boundaries of a foreign signatory State, such as France. *Work v. Bier,* 106 F.R.D. 45, 48 (D.D.C.1985).

■ The Court, however, need not be overly distracted by the obstacles and restrictions of the Hague Convention. In *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. for the Southern Dist. of Iowa,* 482 U.S. 522, 536–38, 107 S.Ct. 2542, 2551–53, 96 L.Ed.2d 461 *(1987),* the United States Supreme Court held that the Hague Convention procedures are not mandatory and exclusive but are intended as a permissive supplement. Thus, the Hague Convention does not deprive a district court of jurisdiction to order a foreign national party before it to produce evidence under the Federal Rules of Civil Procedure. Id. at 539–40, 107 S.Ct. at 2553; see also Work, 106 F.R.D. at 49 (concluding that an American federal court may require a foreign corporation, subject to its in personam jurisdiction, to produce its officers for deposition in the United States). Still,

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests.

*Societe Nationale,* 482 U.S. at 546, 107 S.Ct. at 2557.

■ Belmont claims that the depositions of Hartmann, Henry, and Saura will provide important testimony. Hartmann is the Chairman of the Board of American Superba, Inc. and Director of Superba's Textiles Department in France. In previous depositions, several Superba employees have referred to Hartmann as a key decision-maker regarding the development and marketing of the allegedly infringing machinery. (Pl.'s Mot. Compel, Exs. 3, 4,

5, 6.)[1] As regards Henry and Saura, Superba previously identified these two employees as a potential trial witnesses, (*id.,* Exs. 1, 2), although it now claims that "it does not presently anticipate the need to call either Messrs. Henry or Saura at any trial of this matter." (Def.'s Opp'n Mot. Compel at 7.) According to the deposition testimony of Superba employees, Henry acted as a direct contact with Superba's patent counsel in the United States, (Pl.'s Mot. Compel, Ex. 12), and Saura is the author of the software that controls Superba's allegedly infringing machine. (*Id.,* Exs. 13, 14.)

Superba argues that Belmont's request is overly burdensome and unreasonably cumulative or duplicative. Superba notes that Belmont already had an opportunity to depose Hartmann, Henry, and Saura when it conducted depositions of Superba employees in France in September 1998. Superba also notes that Hartmann, Henry, and Saura were identified in an earlier document production. Superba admits, however, that it produced "thousands" of documents, (Def.'s Opp'n Br. at 3), so the identities of these individuals and the need for their testimony was doubtfully conspicuous at the time. Furthermore, given that several previously-deposed Superba employees stated that certain questions were better directed to Hartmann, Henry, and Saura, the additional depositions do not appear to be unreasonably cumulative or duplicative. (*See* Pl.'s Mot. Compel, Exs. 4, 6; Pl.'s Reply Mot. Compel at 5–6.)

Superba also argues that Belmont has not identified "the precise discovery which it purportedly needs to obtain." (Def.'s Opp'n Mot. Compel at 9.) This is backwards logic. The purpose of discovery is to explore relevant information, not to engage in "blindman's bluff." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986–87, 2 L.Ed.2d 1077 (1958). The Court notes that patent litigation is heavily predicated on extensive discovery, and it is clear from the exhibits submitted by Belmont that Hartmann, Henry, and Saura are sources of relevant information.

Finally, with regard to the burden of overseas discovery, burden is inherent in all discovery requests. *Capacchione,* 182 F.R.D. at 490–91. Belmont has attempted to accommodate Superba by offering to travel to France to conduct the depositions or to otherwise schedule depositions in the United States to coincide with the deponents' travel plans. (Pl.'s Mot. Compel at 5–6, 8.) Furthermore, regardless of where the depositions take place, professional courtesy dictates that Belmont would pay for the court reporter, translator, and other incidental expenses. Thus, there is no undue financial hardship imposed on Superba.

Belmont argues in the alternative that if the Court does not compel the depositions, then the Court should preclude Superba from presenting any evidence at trial that refers to or reflects the business decisions of Hartmann, Henry, or Saura. This option is less attractive as the Court prefers full disclosure of all relevant, non-privileged evidence. The additional discovery requested by Belmont is not so unreasonable that the Court must resort to granting Belmont's alternative Motion in Limine.

Accordingly, the Court orders Superba to schedule Hartmann, Henry, and Saura for depositions at times and places to be decided by the parties. The depositions shall be scheduled within ten business days from the entry of this Order and shall

---

1. For example, Thierry Grasser, Superba's President, stated: "[I]t is Mr. Hartmann who is responsible for [textile machines]. Each activity has a sales organization, a research and development team; and all teams are under the direct responsibility of the person responsible for the activity." (Grasser Dep. Tr. at 8, ll. 15–20.) In addition, Francois Walburger, Superba's Vice President of Sales, testified that Hartmann authorized the sale of the allegedly infringing machinery in the United States (Walburger Dep.Tr. at 137, ll. 2–16.)

be conducted before the close of discovery, which, as set forth below, is extended to May 19, 1999.

### C. Superba's Motion to Compel Discovery

As stated above, the Federal Rules of Civil Procedure allow for broad, liberal discovery of any relevant or potentially relevant information that is not privileged. Fed.R.Civ.P. 26(b); *Capacchione*, 182 F.R.D. at 489. Superba seeks to depose witnesses pursuant to an outstanding Notice under Rule 30(b)(6) of the Federal Rules of Civil Procedure, as well as additional trial witnesses identified by Belmont in supplemental interrogatory responses. Belmont refused to schedule these depositions until Superba agreed to schedule the depositions of Hartmann, Henry, and Saura.

Superba is certainly entitled to take these depositions as all of them appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). Belmont does not seem to dispute this and stands ready to produce the witnesses. Therefore, Belmont is directed to schedule the depositions of its witnesses at times and places to be decided by the parties. The depositions shall be scheduled within ten business days from the entry of this Order and shall be conducted before the close of discovery, which, as set forth below, is extended to May 19, 1999.

### D. Superba's Motion to Extend Discovery

Superba moves the Court to extend the discovery period for a term of sixty days from the entry of this Order. As discussed above, Superba has ten business days to elect whether it will waive the attorney-client privilege as to the advice-of-counsel defense. The Court also set ten-day deadlines for the parties to schedule depositions. The Court will extend the discovery period another thirty days beyond this deadline, so the discovery period shall end on May 19, 1999. The parties are admonished that the Court is growing wary of repeatedly granting discovery extensions in this case. The parties indicated not too long ago that the case would be ready for trial this summer, and the Court plans to adhere to that schedule.

### E. Superba's Motion to Bifurcate Trial

Superba proposed bifurcating the trial as an alternative to granting Belmont's Motion in Limine to Preclude Defendants from Relying on Attorney Advice. As set forth above, Superba is required to elect whether it will either waive the attorney-client privilege as to its advisory infringement opinions or relinquish the advice-of-counsel defense. Thus, as an alternative to Belmont's Motion in Limine, bifurcation is unnecessary.

■■ Furthermore, the Court does not believe that bifurcation—involving separate trials, separate juries, and separate discovery periods—would provide the most efficient method of handling the instant case. This would cause greater delay and might complicate the proceedings by creating a piecemeal quality to the trial, making it harder for the trier of fact to see the case as a whole. The party seeking bifurcation has the burden of proving that bifurcation is justified. *Spectra–Physics Lasers Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 25 U.S.P.Q.2d (BNA) 1153, 1155 (N.D.Cal. 1992). To the extent that Superba's motion requests a stay of discovery on willfulness pending the outcome of a trial on liability, Superba has not met its burden, and the Motion to Bifurcate Trial is therefore denied. In the interest of juror comprehension, however, the Court is amenable to conducting a multi-phase trial before the same jury, presenting one major issue at a time, e.g., invalidity, then infringement, then willfulness and damages.

### F. Superba's Motion for Hearing

The Court dispenses with oral argument on any of the foregoing motions because

the facts and legal contentions are adequately presented in the materials submitted to the Court. A hearing would not aid the decisional process.

## III. CONCLUSION

For the foregoing reasons, the Court requires Superba to elect whether to produce privileged opinions of counsel relating to infringement or be precluded from relying on the advice-of-counsel defense. In light of this holding, bifurcation of the trial and discovery is unnecessary. With regard to the parties' motions to compel discovery, the parties shall promptly schedule and conduct the requested depositions, which are clearly proper under the broad scope of discovery.

**NOW, THEREFORE, IT IS OR-DERED** that Plaintiff's Motion in Limine to Preclude Defendants from Relying on Attorney Advice in Presenting Arguments Relating to Willful Patent Infringement [document no. 13] be, and hereby is, **HELD IN ABEYANCE.** *Superba shall elect no later than* **April 19, 1999,** *whether it intends to rely on the advice-of-counsel defense and therefore waive the attorney-client privilege as to the entire subject area. Absent a waiver of the privilege, the Court will grant Belmont's Motion in Limine, thereby precluding Superba from relying on attorney advice as a defense to willfulness.*

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Deposition [document no. 14–1] be, and hereby is, **GRANTED.** *The depositions shall be scheduled by* **April 19, 1999,** *and shall be conducted no later than* **May 19, 1999.**

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion in Limine [document no. 14–2] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Discovery [document no. 15–1] be, and hereby is, **GRANTED.** *The depositions shall be scheduled by* **April 19, 1999,** *and shall be conducted no later than* **May 19, 1999.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend the Discovery Period [document no. 15–2] be, and hereby is, **GRANTED.** *The discovery period in this case shall end on* **May 19, 1999.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Bifurcate Trial of this Action [document no. 17–1] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Request for Hearing [document no. 17–2] be, and hereby is, **DENIED.**