**Mona Watson CLARK, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civil No. 06–00544 SPK–LEK.**

United States District Court, D. Hawai'i.

Nov. 10, 2009.

Elijah Yip, Jeffrey S. Portnoy, Cades Schutte LLP, Honolulu, HI, for Plaintiff.

Beatriz T. Saiz, Geoffrey J. Klimas, U.S. Department of Justice, Washington, DC, Thomas A. Helper, Office of the United States Attorney, Honolulu, HI, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE TRIAL

LESLIE E. KOBAYASHI, United States Magistrate Judge.

Before the Court is Plaintiff Mona Watson Clark's ("Plaintiff") Motion to Bifurcate Trial ("Motion"), filed on October 16, 2009. Defendant Internal Revenue Service ("IRS" or "Defendant") filed its memorandum in opposition on October 23, 2009. No reply memorandum was permitted. This matter came on for hearing on November 5, 2009. Appearing on behalf of Plaintiff was Elijah Yip, Esq., and appearing on behalf of Defendant, by telephone, was Beatriz Saiz, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from various disputes concerning the estate of Lewis M. Watson ("Estate") and the trust created by his will ("Trust"). Plaintiff is one of the beneficiaries of the Estate and the Trust. She believes that she has uncovered information which indicates that the former executor of estate, an entity affiliated with the executor, or another third party, misappropriated money from the Estate and the Trust. Arthur Wirtz ("Wirtz") became the executor of the Estate and the sole trustee of the Trust after the death of Watson's wife. For example, the beneficiaries discovered that Wirtz pocketed royalties from oil and gas properties that the estate owned in Ward County, Texas, and that the Estate may have mineral interests in Mississippi. This prompted them to investigate the tax records of the Estate and Trust.

Plaintiff requested the tax returns for the Estate and Trust for the years 1983–1990 and the transcripts of the tax returns for the years 1979–1990. Defendant initially responded that such documents did not exist, but Plaintiff eventually obtained transcripts for 1980, 1981, and 1982. One IRS officer informed her that the actual returns had been destroyed. The transcripts referred to the document locator numbers ("DLNs") for certain transactions pertaining to the Estate, including payments. Plaintiff requested certain documents according to the DLNs. The IRS informed her that all documents concerning the Estate had been destroyed by April 1990. The transcript for 1981, however, referred to a transaction posted in May 1990, after all the records were allegedly destroyed. Plaintiff requested other documents, but the IRS have given her only portions of the records. Plaintiff argues that the documents are necessary to prove that Estate activity was concealed from

the beneficiaries. She asserts that the little information she has suggests that the Estate had substantial income which was concealed from the beneficiaries. She also states that one of the examinations of the Estate occurred after Wirtz's death in 1983. She therefore argues that the IRS must have dealt with someone who was not authorized to act on the Estate's behalf.

Plaintiff submitted a request under the Freedom of Information Act ("FOIA") on March 7, 2006 ("First FOIA Request") and another on June 1, 2006 ("Second FOIA Request"). The IRS denied both requests. On October 4, 2006, Plaintiff filed the original complaint in this action, based on the denial of the FOIA requests ("Count I"). After Plaintiff filed the Complaint, she submitted two additional FOIA requests related to the Estate and the Trust, one to the IRS on October 28, 2006 ("Third FOIA Request"), and one to the Tax Division of the Department of Justice on November 11, 2006 ("Fourth FOIA Request"). Both were denied.

The complaint also alleged a claim under 26 U.S.C. § 7431 of the Internal Revenue Code ("IRC") based on the improper disclosure of confidential tax information ("Count II", or " § 7431 Claim"). On March 1, 2007, 2007 WL 1374742, the district judge granted the IRS's motion to dismiss Count II on the ground that Plaintiff did not have standing to bring a § 7431 claim because only the Estate itself, as the taxpayer, has standing to bring an action based on the improper disclosure of its tax information. On October 3, 2007, Plaintiff filed her First Amended Complaint reassert Count II, on the basis that she cured the lack of standing, and to allege two new FOIA claims that ripened after she filed the original complaint.

A non-jury trial in this matter is scheduled before the district judge on December 1, 2009.

On October 15, 2009, Plaintiff filed the instant Motion requesting that the § 7431 Claim be bifurcated into separate liability and damages phases. Plaintiff asserts that the court considers four factors in determining whether bifurcation is appropriate: (1) complexity of the issues, (2) risk of jury misunderstanding in a non-bifurcated trial, (3) facilitation of the disposition of the issues, and (4) prejudice to the parties. [Mem. in Supp. at 5–6] (citing *Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 459 (N.D.Cal.1994)). Plaintiff further asserts that the achievement of any one of the above-factors is sufficient to warrant bifurcation.

Plaintiff contends that the first and fourth factors warrant bifurcation.[1] Plaintiff first argues that the liability and damages issues pertaining to the § 7431 Claim are complicated by the fact that the resolution of the liability depends on the outcome of the damages issues. In other words, Plaintiff argues that she cannot fully analyze her damages under the § 7431 Claim until she has access to certain tax records of the Estate. For example, Plaintiff contends that she needs to know the assets and interests involved in alleged transactions concerning the Estate that occurred after Wirtz's death and what involvement the IRS had in such transactions. That information is necessary to determine the type (actual, statutory, and punitive) and extent of damages available to Plaintiff as well as the degree of the IRS' culpability in facilitation of unauthorized transactions. Plaintiff acknowledges that § 7431 presumes damages of $1,000 for each proven violation, but argues that recovery beyond

---

1. Plaintiff notes that the third factor is not relevant here as this matter is set for a non-jury trial.

the statutory damages requires proof of actual damages, and in the case of punitive damages, proof of wilful or grossly negligent conduct.

Moreover, the records that are necessary for Plaintiff's proof of actual and/or punitive damages are also the subject of her FOIA claims. Plaintiff states that the IRS contends that the requested records no longer exist; but, if the court determines that the IRS' searches were inadequate and orders it to conduct further searches, Plaintiff may gain access to records that she needs to prove damages in her § 7431 Claim. Plaintiff also contends that their efforts to gain these documents have been stonewalled by the IRS. In fact, Plaintiff notes that one of the reasons provided by the IRS for not producing certain records is its position that production of the requested records is an ultimate issue for trial. Thus, Plaintiff asserts that until the IRS' liability for the FOIA claims is resolved, it does not appear that the IRS will grant Plaintiff access to those records.

Finally, Plaintiff asserts that the fourth factor—absence of prejudice to either party—weighs in favor of bifurcation. Plaintiff argues that neither party will be prejudiced by the bifurcation of the liability and damages phases of the § 7431 Claim. In fact, Plaintiff argues that if the Court determines after the liability phase that the IRS did not violate § 7431, there would be no need for a trial on the damages issue.

In its opposition, the IRS contends that bifurcation of the § 7431 Claim will not promote clarity of the issues or judicial economy. First, the IRS argues that Plaintiff's claim for actual damages cannot rely on documents within the IRS' possession. The IRS acknowledges that Plaintiff may be entitled to both statutory and actual damages under § 7431, but argues that the information concerning whether she sustained actual damages or not should be in her possession and will not be found in information or documents provided by the IRS. The IRS notes that this case has been pending for over three years and in that time the IRS has produced thousands of pages of documents and Plaintiff has taken numerous depositions. The IRS further notes that Plaintiff has already alleged damages of $10 Million in the amended complaint based on an alleged denial of "substantial property rights" and in fact has provided a computation for actual damages based on the present value of the income generated from an undisclosed asset. [Mem. in Opp. at 5, Exhs. 2 (Letter from Elijah Yip to Beatrice Saiz, dated August 28, 2009) and 3 (Plaintiff's Response to Defendant's First Set of Interrogatories).] The IRS also acknowledges that Plaintiff may be entitled to punitive damages if Plaintiff proves actual damages and that the IRS' unauthorized disclosure was willful or grossly negligent, but asserts that bifurcation is not warranted because the issues of punitive damages and liability are closely linked.

The IRS argues next that Plaintiff's position, in support of bifurcation, that at the end of the liability phase the court will order the IRS to produce additional documents that will help her establish damages, is misplaced. The IRS notes that in the FOIA context, if the court determines that the IRS failed to conduct an adequate search, it can only order further searches. Such an order will not guarantee that the IRS will be able to locate any of the requested documents, many of which are more than twenty years old. Moreover, the IRS argues that Plaintiff's FOIA claims cannot be used as a surrogate for discovery. [*Id.* at 7 (citing *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 143, n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)).] Finally, the IRS notes that the trial is likely to be delayed further, based on this Court's order for the IRS to produce additional documents and

to produce witnesses for Plaintiff's Rule 30(b)(6) notice of deposition, and therefore any delay should resolve Plaintiff's concerns of prejudice.

## DISCUSSION

 Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues. . . .

The decision whether to bifurcate proceedings is within a court's sound discretion. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.2004). Bifurcation, however, is the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. *See id.; see also* Fed.R.Civ.P. 42 advisory committee's note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]").

 "With respect to both discovery and trial," the moving party has the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal.1992) (citations omitted); *see also Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 612 (D.Mont.2003).

> Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4)

whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted. *Dallas v. Goldberg*, 143 F.Supp.2d 312, 315 (S.D.N.Y.2001) (citations omitted). Courts also consider the complexity of the issues and possible jury confusion. *See IPPV Enters. v. Cable/Home Commc'n Corp.*, 26 U.S.P.Q.2d 1714, 1715 (S.D.Cal.1993). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D.Nev.2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir.1985) (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of plaintiff's bad faith claim against insurance company)). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir.1989) (citation and quotation marks omitted).

The Court finds that bifurcation of the trial in this case is not warranted. In particular, the Court is not convinced that disposition of the FOIA claim and liability in connection with the § 7431 Claim, separate and apart from the disposition of damages under the § 7431 Claim, will necessarily promote judicial economy and avoid inconvenience or prejudice to the parties. For example, as Defendant notes, it is not at all clear that even if Plaintiff prevails on her FOIA claim, she would otherwise be able to obtain the documents she believes will form the basis for her actual and or punitive damages under the § 7431 Claim. Moreover, the Court finds that requiring Defendant to prepare for two separate trials, given the moderate chance Plaintiff's FOIA claim offers with respect to the recovery of documents dispositive to prove

actual damages, is more than a simple inconvenience. Accordingly, the Court finds that bifurcation of the trial in this case is not appropriate.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Bifurcate Trial, filed on October 16, 2009, is HEREBY DENIED.

IT IS SO ORDERED.