Christyanna KARPENSKI, Plaintiff,

v.

AMERICAN GENERAL LIFE COM-PANIES, LLC, d/b/a American General, et al., Defendant.

Case No. C12–1569RSM.

United States District Court,
W.D. Washington,
at Seattle.

Dec. 20, 2012.

James A. Hertz, Richard H. Friedman, Sean J. Gamble, Kenneth R. Friedman, Friedman Rubin, Bremerton, WA, for Plaintiff.

Alycen Moss, Kenan G. Loomis, Cozen O'Connor, Atlanta, GA, Michael D. Handler, Cozen O'Connor, Seattle, WA, for Defendants.

## ORDER ON MOTION FOR BIFURCATION OF CLAIMS

RICARDO S. MARTINEZ, District Judge.

This matter is before the Court for consideration of Defendants' joint motion to bifurcate claims and stay discovery on Plaintiff's bad faith and extra-contractual claims. Dkt. # 20. Plaintiff has opposed the motion and has requested the Court to strike certain arguments in the reply, along with an attached declaration, as newly raised on reply. Dkt. # 37. For the reasons set forth below, both motions—the motion to strike and the motion to bifurcate—shall be granted.

### BACKGROUND

Plaintiff Christyanna Karpenski filed this action for breach of contract, breach of the covenant of good faith and fair dealing (bad faith) and violation of the Washington Insurance Fair Conduct Act ("IFCA") in King County Superior Court. Her claims arise from a policy of disability insurance issued to plaintiff by Defendant United States Life Insurance Company ("US Life"). She applied for the policy on February 15, 2009. When she subsequently (on some unspecified date) became disabled, she submitted a notice of claim to the administrator in early June 2009. Complaint, ¶¶ 26–28. She states that she did not receive the proof of claim form until mid-August 2009. *Id.,* ¶¶ 39–40. She returned the proof of claim form together with her physician's statement, and received acknowledgment on September 15, 2009. *Id.,* ¶ 42. Defendant American General Life Companies ("American General") notified Plaintiff that it would administer the claim, and then began investigation, requesting on several occasions more medical documentation. *Id.,* ¶¶ 43–82. During this time Plaintiff paid her annual premium but received no disability payments. *Id.,* ¶¶ 78, 82.

On May 11, 2010, American General wrote and advised plaintiff that her claim would not be approved. *Id.,* ¶ 87. The letter noted several pre-existing conditions indicating a "history of joint and muskoskeletal [sic] disorders." *Id.,* ¶ 89–80. As Plaintiff had not disclosed these conditions on her application, Defendants declined to offer long-term disability benefits and rescinded the coverage. *Id.,* ¶ 91. Plaintiff has not cashed or deposited the checks for the refunded premiums. *Id.,* ¶ 93.

Plaintiff filed her complaint for breach of contract, bad faith, and violation of the IFCA in state court on August 15, 2012. Defendants removed it to this Court and filed an answer with a counterclaim for declaratory relief, asking that the Court find that as a result of material representations on her application for disability insurance, the policy is void *ab initio* and should be rescinded. Answer and Counterclaim, Dkt. # 6, ¶ 9. Defendants have now moved to bifurcate this case and to stay discovery on Plaintiff's bad faith and

extra-contractual claims until the breach of contract and rescission claims have been resolved.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure provides, in relevant part,

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42(b).

 The decision to bifurcate proceedings is within the sound discretion of the district court. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.2004). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Casualty Co.*, 366 F.Supp.2d 1002, 1007 (D.Nev.2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir.1985)). In *O'Malley*, the appellate court upheld a district court's bifurcation of coverage and bad faith issues, finding that recovery on the bad faith claim would not be possible unless the plaintiff prevailed on his coverage claim. Therefore, the district court "acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial." *Id.*

 With respect to both discovery and trial, the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties. *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal.1992). Bifurcation is inappropriate when the issues are so intertwined that separating them would create confusion to the trier of fact. *Miller v.*

*Fairchild Industries, Inc.*, 885 F.2d 498, 511 (9th Cir.1989).

### II. Analysis

 The Court finds that Defendants have met their burden of showing that bifurcation of the contractual and rescission claim and counterclaim from the bad faith and extra-contractual claims is proper in this case. Under Washington law, an insurer may rescind a policy when: (1) the policyholder represented as truthful certain information during the negotiation of the insurance contract; (2) those representations were untruthful, or misrepresentations; (3) the misrepresentations were material; and (4) the misrepresentations were made with the intent to deceive. *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F.Supp.2d 988, 997 (W.D.Wash.2004) (citing RCW 48.18.090(1)). These issues are not in any way intertwined with the issues presented by Plaintiff's claims of bad faith and IFCA violation.

A rescinded policy is void *ab initio*. If Defendants should prevail on their rescission counterclaim, that resolution will be dispositive of the entire case. It is therefore in the interest of expeditious case management and judicial economy to bifurcate the case and stay discovery with respect to bad faith and claims handling. Both parties will benefit from focusing discovery and motion practice on the contract and rescission claims before expending time and resources on the bad faith and IFCA issues. The motion to bifurcate shall accordingly be granted.

### III. Motion to Strike

 In her surreply, Plaintiff made a motion to strike new arguments and assertions made for the first time in Defen-

dants' reply, together with an attached declaration. Dkt. # 37. Plaintiff notes that the original motion asked for bifurcation of the rescission and breach of contract claims from the bad faith and IFCA claim, while the reply improperly argues for bifurcation of "the insurance contract rescission issues from the breach of contract and bad faith/extra-contractual issues in this case." Compare, Motion and Proposed Order, Dkt. ## 20, 20-1 at 2; Defendants' Reply, Dkt. # 31 at 2. Plaintiff is correct that this is a new argument and request raised improperly in the reply. Accordingly the motion to strike is GRANTED, and the new arguments, together with the attached declaration at Dkt. # 32 are STRICKEN.

## CONCLUSION

Defendants' joint motion to bifurcate the contract and rescission claim and counterclaim from the bad faith and IFCA claims is GRANTED, and further discovery on bad faith and IFCA issues is STAYED pending resolution of the breach of contract and rescission claims. In order to maintain the current trial schedule and expedite resolution of the issues, the Court shall set a deadline of **April 3, 2013** for filing summary judgment motions on Plaintiff's breach of contract claim and Defendants' rescission counterclaim.