Hanley C. CLARK, Commissioner of Insurance for the State of West Virginia, as Receiver of George Washington Life Insurance Company, Plaintiff,

v.

Arthur W. MILAM, et al., Defendants.

Civ. A. No. 2:92–0935.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 15, 1994.

Joshua I. Barrett, Rudolph L. DiTrapano, Debra L. Hamilton, DiTrapano & Jackson, Charleston, WV, and Ellen G. Robinson, C. Philip Curley, Mary Cannon Veed, and Cynthia H. Hyndman, Robinson Curley & Clayton, P.C., Chicago, IL, for Hanley C. Clark, Com'r of Ins. for the State of W.Va., as Receiver of George Washington Life Ins. Co.

John E. Jenkins, Jr., John M. Poma, and Suzanne McGinnis Oxley, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for Arthur W. Milam.

John H. Wilbur, pro se.

Walter C. Walden, pro se.

Dudley D. Allen, pro se.

Frank E. Clark, Jr., pro se.

Michael J. Davoli, pro se.

Rebecca A. Betts, Robert B. King, King, Betts & Allen, Charleston, WV, Paul J. Bschorr and Alice K. Jump, White & Case, New York City, for Carolyn B. Lamm.

Michael Bonasso, and Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Betty Cordial and Pendlebury, John Collins, and Cheryl Davis.

John H. Tinney, John J. Nesius, Miller A. Bushong, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, WV, and David Alden, Cleveland, OH, for Tom Fennell and Ernst & Young.

John Andrew Smith, Kay, Casto, Chaney, Love & Wise, Charleston, WV, for Lamar Walker and Walker & Associates.

Michael Bonasso, Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, WV, Therese Koelle Desai, Michael R. Glover and Joyce N. Van Cott, Glover & Van Cott, Phoenix, AZ, for CTF & Associates, Inc.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before this Court are the objections of the Plaintiff, Hanley C. Clark, Commissioner of Insurance for the State of West Virginia, as Receiver of George Washington Life Insurance Company, to the Orders of Magistrate Judge Hogg entered September

29, 1993 and February 1, 1994.[1] These orders denied the Plaintiff's discovery motion to compel the production of certain documents in the possession of Defendant Carolyn B. Lamm.[2]

The standard of review of a Magistrate Judge's order, pursuant to objections made under Rule 72(a) of the Federal Rules of Civil Procedure, is typically deferential:

"The Federal Rules of Civil Procedure provide magistrate judges with broad discretion in resolving discovery disputes. A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to law.' Fed.R.Civ.P. 72(a). Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a). *See. e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990), *cert. denied,* [498] U.S. [846], 111 S.Ct. 132, 112 Led.2d 100 (1990); *Johnson v. Old World Craftsmen, Ltd.,* 638 F.Supp. 289, 291 (N.D.Ill.1986). 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' *United States v. United States Gypsum,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)." *Bobkoski v. Board of Education,* 141 F.R.D. 88, 90–91 (N.D.Ill.1992).

*See, Wahad v. Federal Bureau of Investigation,* 132 F.R.D. 17, 20 (S.D.N.Y.1990); *Federal Saving & Loan Ins. Corp. v. Common-wealth Land Title Ins. Co.,* 130 F.R.D. 507, 508–09 (D.D.C.1990); *Laxalt v. McClatchy,* 602 F.Supp. 214, 216 (D.Nev.1985). *See also, LaRouche v. National Broadcasting Co., Inc.,* 780 F.2d 1134, 1139 at note 1 (4th Cir.), *cert. denied,* 479 U.S. 818, 107 S.Ct. 79, 93 L.Ed.2d 34 (1986). The Fourth Circuit Court of Appeals has defined the parameters of the "clearly erroneous" standard of review as follows: "Under [the "clearly erroneous"] standard, findings of fact will be affirmed unless ... review of the entire record leaves ... the definite and firm conviction that a mistake has been committed." *Harman v. Levin,* 772 F.2d 1150 (4th Cir.1985).

The standard of review of a magistrate judge's order pursuant to a pretrial 'nondispositive motion' under Rule 72(a) comports with the standard of review of 'pretrial matters' ruled upon by magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A) (1990). As this Court has recently stated in *Doe v. American Nat. Red Cross,* 151 F.R.D. 71, 73 (S.D.W.Va.1993) (Haden, C.J.):

"Title 28 U.S.C. § 636(b)(1)(A) provides 'A judge of the Court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is *clearly erroneous or contrary to law.' Federal Deposit Ins. Corp. v. United States,* 527 F.Supp. 942, 949 (S.D.W.Va.1981)". (emphasis added).[3]

This Court turns to the Plaintiff's objections to the Magistrate Judge's Orders bearing in mind the "clearly erroneous or contrary to law" standard of review.

---

**1.** The Plaintiff's objections are made pursuant to Rule 72 of the Federal Rules of Civil Procedure. Rule 72 states, in pertinent part:

"Within 10 days after being served with a copy of the magistrate's order [on a nondispositive matter], a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrates's order to which objection was not timely made. The district judge to whom the case was assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."

**2.** Judge Hogg initially ruled on this matter on September 29, 1993; following the Plaintiff's objections thereto, this Court remanded the issues back to Judge Hogg because the September 29, 1993 Order mistakenly placed the burden of proving waiver of certain immunities on the Plaintiff. Judge Hogg affirmed that the placing of the burden of proof on the Plaintiff was a simple clerical error, and, in his February 1, 1994 Order, stated the Defendant had met her burden of proving immunity from disclosure in each area where she was so required to prove.

**3.** As noted in *Doe,* pursuant to 28 U.S.C. § 636(b)(1)(A), and a Standing Order of this Court entered November 25, 1991, all discovery issues arising in Charleston Division civil actions are referred to the Honorable Jerry D. Hogg, United States Magistrate Judge. Note 2, 151 F.R.D. at 73.

## I.

Plaintiff argues he is entitled to the work product created by the Defendant during the course of her representation of GW LIFE in various litigation. Defendant argues her work product is absolutely immune from discovery pursuant to the Court of Appeals holding in *Duplan Corporation v. Moulinage et Retorderie de Chavanoz,* 487 F.2d 480 (4th Cir.1973). This Court concludes the decision of Magistrate Judge Hogg was "contrary to law" in this regard.

Plaintiff cites to *Spivey v. Zant,* 683 F.2d 881 (5th Cir.1982), for his contention that he is entitled to work product created by the Defendant during the course of her representation of GW LIFE. He notes that pursuant to this Court's Order entered April 5, 1993, the Plaintiff exercises the attorney-client privileges of GW LIFE.[4] In *Spivey* the Court of Appeals for the Fifth Circuit held, "[T]he work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation." This reasoning has been followed by all other courts addressing this issue. *See e.g., Maxwell v. Florida,* 479 U.S. 972, 976 n. 2, 107 S.Ct. 474, 477 n. 2, 93 L.Ed.2d 418 (1986) (Marshall, J., dissenting from denial of writ of certiorari); *Gottlieb v. Wiles,* 143 F.R.D. 241, 247 (D.Colo.1992) ("An attorney may not withhold work product from his own client."); *Martin v. Valley Nat. Bank of Arizona,* 140 F.R.D. 291, 320 (S.D.N.Y.1991) ("On its face [the work product immunity found in Rule 26(b)(3) of the Federal Rules of Civil Procedure] does not give an attorney the right to withhold work product from his own client.... This result is hardly surprising in view of the evident inapplicability of the rationale for the work-product rule to an attorney's efforts to withhold the fruits of his labors from the client, who presumably paid and was the intended beneficiary of those labors. * * * Having been hired to serve

the client, the attorney cannot fairly be authorized to subvert the client's interests by denying to the client those work papers to which the client deems it necessary to have access." (citations omitted)); *Resolution Trust Corp. v. H——, P.C.,* 128 F.R.D. 647, 649 (N.D.Tex.1989); *Roberts v. Heim,* 123 F.R.D. 614, 630–34 (N.D.Cal.1988); *Matter of Kaleidoscope, Inc.,* 15 B.R. 232 (Bankr. N.D.Ga.1982), *rev'd on other grounds,* 25 B.R. 729 (D.C.Ga.1982); 4 Moore's Federal Practice, ¶ 26.64[2] (2nd.Ed.1986 p 26–361). *See also, In re Standard Financial Management Corp.,* 79 B.R. 97, 98–99 (Bankr. D.Mass.1987) (distinguishing *Duplan, supra,* and stating, "[t]o protect counsel from his own client trying to recapture background detail is a perversion of the privilege unsupported by text writers and in no way comporting with the *Hickman [v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ] rationale for such a privilege.").

It is clear this Court is governed by the Court of Appeals holding in *Duplan, supra.* However, it is unclear whether *Duplan* applies to the instant facts. Although not specifically addressing whether an attorney may withhold work product from a client created during and for the representation of that client, the *Duplan* Court recognized that, "[the] qualified immunity of work product materials [applies] in a subsequent case as well as [to the case for] which they were prepared[.]" (citing *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1945)).[5] However, *Duplan* clearly confines itself to the narrow issue before it; as stated in the first paragraph of the opinion:

"We entertained this appeal upon the narrow question whether upon the termination of litigation the work product documents prepared incident thereto lose the qualified immunity extended to them under Rule 26(b)(3), Federal Rules of Civil Procedure, and become freely discoverable

---

4. The Plaintiff, as Receiver of GW LIFE, stands in the shoes of GW LIFE.

5. The Court also stated,
   "Th[e] work product immunity is the embodiment of a policy that a lawyer doing a lawyer's

work in preparation of a case for trial should not be hampered by the knowledge that he might be called upon at any time to hand over the result of his work to an opponent." (footnote omitted). 487 F.2d at 483.

in subsequent and unrelated litigation." 487 F.2d at 481.

From the foregoing, it appears that the *Duplan* Court did not intend to extend its rationale beyond the borders of the situation confronted therein. It did not address the use of the work product doctrine to immunize from discovery *by a client,* the work product of a lawyer produced and paid for by that client.

Because this Court concludes that *Duplan* did not address the situation of a client seeking the work product of his own lawyer, it is clear that *Duplan* does not control the outcome of this dispute. There is no Fourth Circuit caselaw addressing this scenario.[6] Nonetheless, all other courts addressing this issue have concluded that work product immunity can not apply when a client seeks documents created for him by his own lawyer. *See* page 426, *supra.*

■ This Court is of the opinion that a lawyer may not invoke work product immunity against his own client in regard to work product created during the course of representing that client; the Order of the Magistrate Judge was thus "contrary to law" and is hereby **REVERSED** in that regard.

### II.

On all other issues objected to by the Plaintiff the findings and conclusions of Magistrate Judge Hogg were not "clearly erroneous or contrary to law." *Harman v. Levin,* 772 F.2d 1150 (4th Cir.1985); *Doe v. American Nat. Red Cross,* 151 F.R.D. 71, 73 (S.D.W.Va.1993) (Haden, C.J.). The decision of Judge Hogg on all matters other than that addressed in Part I is thus **AFFIRMED.**

### III.

Based upon the foregoing, it is hereby **ORDERED** that the decision of Judge Hogg be **REVERSED** insofar, and only insofar as it prohibits Plaintiff's discovery of work product created by the Defendant during the course of her representation of GW LIFE;

6. The Defendant cites to the clearly distinguishable case of *Sandberg v. Virginia Bankshares, Inc.,* 979 F.2d 332 (4th Cir.1992) (issue was whether documents in question were prepared in

in all other respects this Court **ADOPTS** and **AFFIRMS** the holdings of Judge Hogg.

anticipation of litigation). Moreover, the Court of Appeals later *vacated* the opinion. 1993 WL 524680 (1993).