**Hanley C. CLARK, Commissioner of Insurance for the State of West Virginia, as Receiver of George Washington Life Insurance Company, Plaintiff,**

v.

**Arthur W. MILAM, et al., Defendants.**

Civ. A. No. 2:92–0935.

United States District Court, S.D. West Virginia, Charleston Division.

March 25, 1994.

Joshua I. Barrett, Rudolph L. DiTrapano, Debra L. Hamilton, DiTrapano & Jackson, Charleston, WV, Ellen G. Robinson, C. Philip Curley, Mary Cannon Veed, Cynthia H. Hyndman, Judi A. Lamble, Robinson Curley & Clayton, P.C., Chicago, IL, for Hanley C. Clark.

John E. Jenkins, Jr., John M. Poma, Suzanne McGinnis Oxley, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for Arthur W. Milam.

John H. Wilbur, pro se.

Walter C. Walden, pro se.

Dudley D. Allen, pro se.

Frank E. Clark, Jr., pro se.

Michael J. Davoli, pro se.

John E. Jenkins, Jr., John M. Poma, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, WV, for Mahoney, Adams & Criser, P.A.

Rebecca A. Betts, Robert B. King, King, Allen & Arnold, Charleston, WV, Paul J. Bschorr, Alice K. Jump, Seth D. Harris, White & Case, New York City, for John J. McAvoy.

Rebecca A. Betts, Robert B. King, James S. Arnold, Stephanie D. Thacker, King, Allen & Arnold Charleston, WV, Paul J. Bschorr, Alice K. Jump, Seth D. Harris, Sean Patrick

McGrath, New York City, Christopher M. Curran, White & Case, Washington, DC, for Carolyn B. Lamm.

Joseph R. Goodwin, Richard D. Owen, Goodwin & Goodwin, Charleston, WV, Stephen M. Sacks, Michael S. Solender, Arnold & Porter, Washington, DC, for Donald F. Withers and Byron N. Thompson, Jr.

Michael Bonasso, Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Betty Cordial, Lynn Pendleburg, John Collins and Cheryl Davis.

John H. Tinney, John J. Nesius, Miller A. Bushong, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, WV, David Alden, Cleveland, OH, for Tom Fennell and Ernst & Young.

John Andrew Smith, Kay, Casto, Chaney, Love & Wise, Charleston, WV, for Lamar Walker and Walker & Associates.

Michael Bonasso, Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, WV, Therese Koelle Desai, Michael R. Glover, Joyce N. Van Cott, Glover & Van Cott, Phoenix, AZ, for CTF & Associates, Inc.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending before this Court are the cross-objections of the parties, Plaintiff, Hanley C. Clark, Commissioner of Insurance for the State of West Virginia, as Receiver of George Washington Life Insurance Company, and Defendant Arthur W. Milam, to the Order of Magistrate Judge Hogg entered February 4, 1994.[1] Among other things, the order granted the Plaintiff's discovery motion to compel certain documents in the possession of Defendant Milam, and denied Plaintiff's motion to compel materials retained by Defendant Carolyn B. Lamm on the basis of work product immunity.[2]

### I.

The standard of review of a Magistrate Judge's order, pursuant to objections made under Rule 72(a) of the Federal Rules of Civil Procedure, is typically deferential:

> "The Federal Rules of Civil Procedure provide magistrate judges with broad discretion in resolving discovery disputes. A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is 'clearly erroneous or contrary to law.' Fed.R.Civ.P. 72(a). Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a). *See, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990), *cert. denied,* [498] U.S. [846], 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *Johnson v. Old World Craftsman, Ltd.,* 638 F.Supp. 289, 291 (N.D.Ill.1986). 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' *United States v. United States Gypsum,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)." *Bobkoski v. Board of Education,* 141 F.R.D. 88, 90–91 (N.D.Ill.1992).

*See, Wahad v. Federal Bureau of Investigation,* 132 F.R.D. 17, 20 (S.D.N.Y.1990); *Federal Saving & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,* 130 F.R.D. 507, 508–09 (D.D.C.1990); *Laxalt v. McClatchy,* 602 F.Supp. 214, 216 (D.Nev.1985); Note 2, *supra.* *See also, LaRouche v. National Broadcasting Co., Inc.,* 780 F.2d 1134, 1139

---

1. As noted in *Doe v. American Nat. Red Cross,* 151 F.R.D. 71, 73 n. 2 (S.D.W.Va.1993) pursuant to 28 U.S.C. § 636(b)(1)(A), and a Standing Order of this Court entered November 25, 1991, all discovery issues arising in Charleston Division civil actions are referred to the Honorable Jerry D. Hogg, United States Magistrate Judge.

2. The objections are made pursuant to Rule 72 of the Federal Rules of Civil Procedure. Rule 72 states, in pertinent part:

"Within 10 days after being served with a copy of the magistrate's order [on a nondispositive matter], a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made. The district judge to whom the case was assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."

at note 1 (4th Cir.1986). The Fourth Circuit Court of Appeals has defined the parameters of the "clearly erroneous" standard of review as follows: "Under [the 'clearly erroneous'] standard, findings of fact will be affirmed unless . . . review of the entire record leaves . . . the definite and firm conviction that a mistake has been committed." *Harman v. Levin,* 772 F.2d 1150 (4th Cir.1985).

## II.

### A.

Defendant Milam contends that the documents ordered to be produced pursuant are immune from discovery due to attorney-client privilege. Previously, by Order entered September 17, 1993, the Magistrate Judge found that the privilege asserted had been waived. Judge Hogg recognized his previous ruling, stating:

> "The Court finds . . . that any privilege or immunity that might otherwise attach to the documents was held waived by this Court's order of September 17, 1993. The Court, therefore, GRANTS plaintiff's motion directed to defendant Milam and ORDERS Milam to produce all documents identified in plaintiff's counsel's letter to Milam's counsel of October 23, 1993[.]"

 The gist of Milam's argument is that the September 17, 1993 Order Judge Hogg did not include the disputed documents. Judge Hogg, the author of both Orders, has come to a contrary conclusion. To reverse the Order of Judge Hogg, this Court must be left with a definite and firm conviction that a mistake has been made. *Harman v. Levin, supra.* As Milam admits, it is well-established that the scope and conduct of discovery are well within the sound exercise of a trial court's discretion.[3] *Erdmann v. Preferred Research, Inc. of Georgia,* 852 F.2d 788, 791 (4th Cir.1988); *Lewis v. Bloomsburg Mills, Inc.,* 608 F.2d 971, 972 (4th Cir.1979); *North Carolina Ass'n of Black Lawyers v. North Carolina Bd. of Exam.,* 538 F.2d 547,

549 (4th Cir.1976); *Borden Co. v. Sylk,* 410 F.2d 843, 845 (3rd Cir.1969).

It is not clear any mistake has been made in the February 4, 1994 Order, much less an error that leaves one with a definite and firm conviction of a mistake. Upon the entire evidence, this Court does not conclude that the February 4, 1994 Order was clearly erroneous in this regard. Therefore, as to Milam's objections, the February 4, 1994, Order of Judge Hogg is **AFFIRMED.**

### B.

Plaintiff objects to Judge Hogg's ruling denying his motion to compel the production of documents of Defendant Lamm based upon the work-product doctrine. Plaintiff's argument, *inter alia,* is that the disputed documents were created during the course of Lamm's representation of GW LIFE (the privileges of which are now held by the Plaintiff, as Receiver of GW LIFE[4]) during the course of previous litigation.

This issue is similar to that addressed in this Court's recent Order of March 15, 1994 (*Clark v. Milam,* 847 F.Supp. 424 (S.D.W.Va. 1994) "*Clark V*"). This judge held, "a lawyer may not invoke work product immunity against his own client in regard to work product created during the course of representing that client." 847 F.Supp. at 427. On the other hand, this Court affirmed the Order of the Magistrate Judge insofar as it held that the work product doctrine applied where Lamm asserted the work product doctrine against one client in regard to *documents created for a different client.* 847 F.Supp. at 426–427. Plaintiff contends that the documents he seeks were created during the course of Lamm's representation of GW LIFE.

 If the work product documents were created during the course of Lamm's representation of GW LIFE, they are discoverable pursuant to *Clark V.* If they were created

**3.** Discovery disputes in this case have been referred to Judge Hogg for the exercise of his discretion. *See* Note 1, *supra.*

**4.** In an Order entered April 5, 1993, this Court concluded, "Plaintiff Hanley C. Clarke, as Receiver of George Washington Life Insurance Company, owns and controls the attorney-client privilege as to any and all communications between George Washington Life Insurance Company ('GW LIFE') and any and all of its former attorneys for purposes of this action."

during the course of Lamm's representation of another client, the documents are not discoverable. This is consistent with this Court's April 5, 1993 Order, opining,

> "The production of documents relating to GW LIFE to the Plaintiff from any and all former attorneys, shall not be withheld on the basis of attorney-client privilege asserted on behalf of GW LIFE; provided, however, that this order does not apply to any privilege or immunity asserted on behalf of any other entity or individual."

Judge Hogg was presented with evidence from both parties on the issue of who Lamm represented when she created the disputed documents. This Court finds the holding of Judge Hogg was not clearly erroneous on this issue. Ample evidence was provided to show Lamm was not representing GW LIFE when she created the disputed documents. This Court has no firm and definite conviction a mistake has been made. Thus, the February 4, 1994 Order of Judge Hogg is hereby **AFFIRMED.**[5]

### III.

Based upon the foregoing, it is hereby **ORDERED** that the February 4, 1994 decision of Judge Hogg is **ADOPTED** and **AFFIRMED.**

The Clerk is directed to send a copy of this Order to the Magistrate Judge, counsel of record and all *pro se* parties.

---

**5.** Plaintiff has filed a Motion to Strike Supplemental Response of Defendant Carolyn B. Lamm in Opposition to Plaintiff's Objections to February 4, 1994 Order of Magistrate Judge Denying Plaintiff's Motion to Compel. That Motion is hereby **DENIED.**