Patricia KIDWILER, Plaintiff,

v.

PROGRESSIVE PALOVERDE INSURANCE CO., a foreign corporation, Defendants.

No. CIV. A. 3:99CV26.

United States District Court, N.D. West Virginia, Martinsburg Division.

March 30, 2000.

Robert P. Fitzsimmons, Fitzsimmons Law Offices, Wheeling, WV, Michael W. McGuane, Haranzo & McGuane, Wheeling, WV, for Plaintiff.

Robert A. Lockhart, Spilman, Thomas & Battle, Charleston, WV, Gray Silver, III, Spilman, Thomas & Battle, Martinsburg, WV, Donald L. Miller, II, Brown, Todd & Heyburn, PLLC, Louisville, KY, Robert L.

Steinmetz, Brown, Todd & Heyburn, PLLC, Louisville, KY, for Defendant.

### MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

BROADWATER, District Judge.

Defendant filed an objection to the Magistrate Judge's Order entitled "Objections To Proposed Findings And Recommendations By Magistrate Judge Granting In Part Plaintiff's Motion To Compel Discovery".[1] The Court **ORDERS** that the objection is **DENIED**. Accordingly, the Court **AFFIRMS** the Magistrate Judge's Order.[2]

### I. FACTS AND PROCEDURAL HISTORY

This is a lawsuit by an injured plaintiff, Patricia Kidwiler (plaintiff) against the negligent driver's, Tina Canter, insurance company, Progressive Paloverde Insurance Co. (defendant). On October 27, 1997, plaintiff was driving northbound.[3] On that same day, Tina Canter was driving southbound.[4] Crossing over several lanes of traffic, Tina Canter swerved onto the northbound lane and hit plaintiff.[5] As a result of Tina Canter's negligence,[6] plaintiff suffered in excess of $100,000 in damages and injuries.[7]

Thereafter, plaintiff alleges that defendant did not effectuate a fair and equitable settlement of her property damage claims until April 1998[8] and her bodily injury claims until October 1998.[9] Consequently, plaintiff filed suit against defendant for an alleged violation of, *inter alia*, the West Virginia Unfair Claims Settlement Practices Act.[10]

After the Court issued a Scheduling Order,[11] the parties engaged in discovery. Plaintiff served defendant her first set of interrogatories and requests for production on August 19, 1999.[12] Defendant filed its objection to same on September 24, 1999.[13] Consequently, plaintiff filed a motion to compel.[14]

The Court referred the motion to Magistrate Judge Seibert for disposition.[15] After conducting an evidentiary hearing on the motion,[16] Magistrate Judge Seibert issued an Order granting, in part, plaintiff's motion to compel.[17] Furthermore, Magistrate Judge Seibert Ordered that defendant submit documents for an *in camera* review.[18]

Upon an *in camera* review of the documents, Magistrate Judge Seibert further granted, in part, plaintiff's motion to compel.[19] In this Order, Magistrate Judge Seibert further Ordered a hearing affording an opportunity to be heard why the Court should not impose reasonable expenses against defendants.[20]

---

1. Doc. # 34.

 Defendant has filed a second objection to the Magistrate Judge's Order entitled "Objection To Proposed Findings And Recommendations By Magistrate Judge That Documents Reviewed *In Camera* Are Discoverable And Granting In Part Plaintiff's Motion To Compel Discovery". Doc. # 40. The Court will address this objection by separate Order.

2. Doc. # 33.

 Because Doc. # 33 is an Order by the Magistrate Judge amending a typographical error to Doc. # 32, the Court considers Doc. # 33 in lieu of Doc. # 32.

3. Doc. # 1, ¶ 4.

4. *Id.*, ¶ 5.

5. *Id.*

6. *Id.*, ¶ 6.

7. *Id.*, ¶ 14.

8. *Id.*, ¶ 16.

9. *Id.*, ¶ 17.

10. *Id.*, ¶ 18.

11. Doc. # 14.

12. Doc. # 15.

13. Doc. # 19.

14. Doc. # 22.

15. Doc. # 24.

16. Doc. # 25.

17. Doc. # 29.

18. *Id.*

19. Doc. # 33.

20. *Id.*

Magistrate Judge Seibert then Ordered defendants to pay plaintiff reasonable expenses and to provide further documentation.[21]

· In response, counsel for the defendant filed objections to Magistrate Judge Seibert's Orders.[22] Furthermore, counsel for the plaintiff filed responses to counsel for the defendant's objections.[23]

## II. ISSUES OF LAW TO BE DECIDED

1. Whether the plaintiff, who filed the motion to compel, failed to follow the requisite procedures before filing a motion to compel.

2. Whether the defendant's objections to plaintiff's discovery request were appropriate.

## III. DISCUSSION OF LAW AND ANALYSIS

A. *Standard of Review of Magistrate Judge's Order*

A motion to compel is a nondispositive motion.[24] Therefore, the Court reviews the Magistrate's Order under the deferential[25] "clearly erroneous or contrary to law" standard of review.[26] "A finding is 'clearly erroneous' when although there is evidence to support it, the court, on reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." [27]

B. *Requirements to Filing a Motion to Compel*

1. LAW

■ There are two prerequisite to filing a motion to compel. First, the parties must undertake good faith efforts to confer or attempt to confer, with each other, to resolve the discovery dispute without court action.[28] In *Shuffle Master, Inc. v. Bally's Grand, Inc.*,[29] the District of Nevada interpreted the good faith efforts requirement, under the Federal Rules, to require "a *personal or telephonic consultation* during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." [30] As well, under the Local Rules of

---

21. Doc. # 46.

22. Doc. # 34 (objecting to Doc. # 29); Doc. # 40 (objecting to Doc. # 33).

23. Doc. # 43 (objecting to Doc. # 40); Doc. # 39 (objecting to Doc. # 34).

24. *See Clark v. Milam*, 847 F.Supp. 424, 425 (S.D.W.Va.1994) ("Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a).") (citations omitted).

25. *See id.* ("The standard of review of a Magistrate Judge's order, pursuant to objections made under Rule 72(a) of the Federal Rules of Civil Procedure, is typically deferential").

26. 28 U.S.C. § 636(b)(1)(A) (1993); Fed.R.Civ.P. 72(a); *see also Lamonds v. General Motors Corp.*, 180 F.R.D. 302, 304 (W.D.Va.1998) (applying the " 'clearly erroneous or contrary to law' standard" in reviewing the magistrate judge's ruling on a motion to compel).

27. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *see Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir.1985) ("Under [the clearly erroneous] standard, findings of fact will be affirmed unless our review of the entire record leaves us with the definite and firm conviction that a mistake has been committed."); *see also Clark*, 847 F.Supp.

at 425 (applying this standard to the court's review of a magistrate's discovery order).

28. *See* Fed.R.Civ.P. 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."); L.R. Civ. P. 3.07(b) ("Before filing any discovery motion ... counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting."); *see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 n. 13 (D.Md.1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel]."); 8A Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2285 (2d ed.1994) [hereinafter Federal Practice and Procedure]("Before filing a motion to compel further disclosures or discovery pursuant to Rule 37(a)(2), the aggrieved party must attempt to confer with the unresponsive party in an effort to obtain the desired material without court action.").

29. 170 F.R.D. 166 (D.Nev.1996).

30. *Id.* at 172 (emphasis added).

Civil Procedure for the Northern District of West Virginia, "counsel for each party shall make a good faith effort to meet *in person or by telephone*".[31] Importantly, the motion to compel must include a certification stating that the movant has taken such good faith efforts.[32]

Second, if the parties' good faith efforts do not resolve the discovery dispute, the movant may then file the motion to compel. However, under the Local Rules, the movant must file the motion to compel within thirty (30) days from the time the discovery response was due either by rule of as agreed by counsel.[33]

■ The failure to follow these requisite procedures is grounds for the court to deny the motion to compel.[34]

### 2. ANALYSIS

i. *The parties did undertake good faith efforts to confer or attempt to confer, with each other, to resolve the discovery dispute without court action*

#### a. *Plaintiff's Argument*

Counsel for plaintiff alleges that he undertook good faith efforts to resolve the discovery dispute without Court action.[35] Specifically, counsel for the plaintiff alleges that he contacted counsel for the defendant by letter, dated October 12, 1999. This letter states, in pertinent part, that "[t]his letter shall consti-

tute an attempt to avoid, if at all possible, filing a Motion to Compel with respect to the Objections & Responses by Defendant to Plaintiff's Interrogatories and Requests for Production of Documents and Things (First Set).... If these matters cannot be worked out within 15 days, I will file a Motion to Compel." [36] Counsel for plaintiff alleges that counsel for defendant did not respond to the October 12, 1999 letter.[37] For this reason, counsel for the plaintiff alleges that the parties were not, in good faith, able to resolve the discovery dispute without court action and, therefore, filed the motion to compel.[38]

#### b. *Analysis and Conclusion*

■ The Court concludes that, under the totality of the circumstances, this letter meets the good faith requirement under both the Federal Rules and Local Rules of Civil Procedure.[39] The October 12, 1999 letter was counsel for the plaintiff's only attempt to resolve the discovery dispute without court action. However, this six page letter specifically detailed counsel for the plaintiff's concerns as to the requests and interrogatories, and objections thereto, in question. The defendant's only response was a one-page, three sentence letter, dated October 19, 1999.[40] Although the defendant's letter stated that the defendant was preparing a response,[41] the defendant never provided plaintiff the response. However, counsel for the defendant did request plaintiff to call if he

---

**31.** L.R. Civ. P. 3.07(b) (emphasis added).

**32.** *See* Fed.R.Civ.P. 37(a)(2)(B); Federal Practice and Procedure, *supra* note 28 at § 2285 ("All motions to compel must include a certification that such an effort [to confer with the unresponsive party in an effort to obtain the desired material without court action] has been made.").

**33.** *See* L.R. Civ. P. 3.07(c) ("Motions to compel ... not filed within thirty (30) days after the discovery response ... was due ... are waived").

**34.** *See Ambu, Inc. v. Kohlbrat & Bunz Corp.*, 53 U.S.P.Q.2d 1414, 1416, 2000 WL 17181 (W.D.N.C.2000) (discussing the procedural prerequisites to filing a motion to compel and concluding that "the fact that Defendants did not confer with opposing counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion.").

**35.** Doc. # 22 ("Prior to the filing of this motion, plaintiff made reasonable attempts to work out

the discovery problems but these attempts were fruitless due to the defendant refusing to cooperate.").

**36.** *Id.*

**37.** *Id.* ("A copy of [counsel for the plaintiff's] letter dated October 12, 1999, is attached hereto, to which defendant did not respond.").

**38.** *Id.* (alleging that plaintiff's reasonable attempts to resolve this discovery dispute were "fruitless due to defendant refusing to cooperate" as evidenced by defendant's failure to respond to the October 12, 1999 letter).

**39.** *See supra* notes 28–32.

**40.** Doc. # 34, Exh. F.

**41.** *Id.* ("We have received your October 12, 1999, correspondence and are preparing our response.").

"wish[ed] to discuss this matter in greater detail." [42]

Under these circumstances, a telephone call or in person meeting was not required because any telephone call or in person meeting would not likely have been successful in resolving this discovery dispute. Accordingly, the Magistrate Judge's Order[43] is not contrary to the law.[44]

### ii. *The motion to compel is timely*

#### a. *The Magistrate Judge's Order*

■ The parties agreed that counsel for the defendant had until September 24, 1999 to serve its responses to plaintiff's first set of interrogatories and requests for production.[45] Counsel for the defendant served its responses to plaintiff's first set of interrogatories and requests for production on September 24, 1999.[46] Therefore, under the Local Rules, plaintiff had until October 24, 1999 to file its motion to compel.[47] Counsel for the plaintiff filed its motion to compel on November 15, 1999.[48]

Despite the apparent untimeliness of the motion to compel,[49] Magistrate Judge Seibert concluded that the motion was not untimely. Magistrate Judge Seibert determined that counsel for the defendant's letter, dated October 19, 1999, led counsel for the plaintiff to believe a response to the discovery request would be forthcoming.[50] Specifically, counsel for the defendant stated, in the October 19, 1999 letter, that "[w]e have received your October 12, 1999, correspondence and *are preparing our response.*" [51] For this reason, Magistrate Judge Seibert concluded that the motion to compel was not untimely.[52]

#### b. *Defendant's Argument*

In its objection, counsel for the defendant argues that Magistrate Judge Seibert misinterpreted the term "response" in the October 19, 1999 letter.[53] Counsel for the defendant argues that "response" refers not to the responses to plaintiff's first set of interrogatories and requests for production but rather, a response to the October 12, 1999 letter.[54] Therefore, counsel for the defendant argues that he could not have led counsel for the plaintiff to believe a response to the discovery request would be forthcoming. Accordingly, counsel for the defendant concludes that the motion to compel is untimely.

#### c. *Analysis and Conclusion*

The Magistrate Judge determined properly that the defendant's letter, dated October 19, 1999, led counsel for the plaintiff to believe a response to the discovery request would be forthcoming. Counsel for the defendant stated, in a fax dated November 22, 1999, that the October 19, 1999 letter indicated that counsel for the defendant was preparing a response to the discovery request.[55] Counsel for the defendant's own words, therefore, clearly contradict its current assertions in support of its objection.[56]

---

42. *Id.*

43. Doc. # 33.

44. *See supra* note 26.

45. Doc. # 27, Exh. A.

46. Doc. # 19.

47. *See supra* note 33.

48. Doc. # 22.

49. *Id.*

50. Doc. # 29 ("To the extent that it's motion is untimely, counsel for Plaintiff was led to believe by the letter of counsel for Defendant dated October 19, 1999 that the responses would be forthcoming.").

51. Doc. # 34, Exh. F (emphasis added).

52. Doc. # 29.

53. Doc. # 34, Exh. F.

54. *Id.* ("Specifically, Progressive's October 19, 1999 letter, to which Plaintiff provided absolutely no reply, notified [counsel for the plaintiff] only that a response to his letter would be provided to him.") (emphasis omitted).

55. Doc. # 34, Exh. G ("As you can see from our October 19, 1999 correspondence, we are working on [counsel for plaintiff's] request for supplemental responses.").

56. In this way, defendant's exhibit in its objection contradicts the allegations in support of its objection. *See* Fᴇᴅ R.Cɪᴠ.P. 11(b)(3) ("By presenting to the court ... a ... written motion, ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the allegations and other factual contentions have evidentiary support").

## C. Objections to Discovery Requests

### 1. LAW

Information must be, at a minimum, relevant to be discoverable.[57] Relevance for discovery purposes is defined more broadly than relevance for evidentiary purposes.[58] Information is relevant, for discovery purposes, if it "bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."[59] Although "the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information."[60] Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes.[61] Therefore, courts broadly construe relevancy in the context of discovery.[62]

Importantly, privileged information is not discoverable.[63] In addition, the party asserting that the information requested is not relevant, and, therefore, not discoverable, bears the burden of establishing that the information is not relevant.[64]

In contrast, information is relevant, for evidentiary purposes, if it tends to make a proposition of legal consequence more or less probable.[65]

### 2. ANALYSIS AND CONCLUSION

Defendant argues that it began its insurance operations in West Virginia on April 1, 1996. For this reason, defendant concludes that any request for documents prior to April 1, 1996 is, *per se*, not relevant and, therefore, not discoverable.[66]

**57.** FED.R.CIV.P. 26(b)(1) ("Parties may obtain discovery regarding any matter ... relevant to the subject matter involved in the pending action"); *see generally* 23 AM.JUR.2D *Depositions and Discovery* § 254 (1983) [hereinafter *Depositions and Discovery*].

**58.** *See* FED. R. CIV. P. 26(b)(1) ("The information sought need not be admissible at the trial"); *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D.Va.1997) ("Relevance for discovery purposes is distinguishable from that which is relevant evidence at trial."); *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (D.S.C. 1989) ("Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which 'appears reasonably calculated to lead to the discovery of admissible evidence.' ").

**59.** *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 350, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *see also* FED. R. CIV P. 26(b)(1) (stating that the information sought must appear to be "reasonably calculated to lead to the discovery of admissible evidence.").

**60.** *National Credit Union Admin. v. First Union Capital Markets Corp.*, 189 F.R.D. 158, 160 (D.Md.1999).

**61.** *See Ralston Purina Co v. McFarland*, 550 F.2d 967, 973 (4th Cir.1977) (stating that information that is "germane to the subject matter of the pending action" is discoverable); *National Credit Union Admin.*, 189 F.R.D. at 160 ("Thus, the general subject matter of the instant controversy will determine many of the disputes at issue."); *Belmont Textile Mach. Co. v. Superba*, 48 F.Supp.2d 521, 524 (W.D.N.C.1999) ("Discovery requests are undoubtedly proper when they lead to relevant or potentially relevant information that will advance the litigation by clarifying a party's contentions and apprising a party of what it must seek to disprove.").

**62.** *See Oppenheimer Fund Inc.*, 437 U.S. at 350, 98 S.Ct. 2380 (stating that relevancy "has been construed broadly"); *National Credit Union Admin.*, 189 F.R.D. at 160 ("[I]t is well understood that pursuant to Rule 26(b)(1) relevancy is construed very broadly.").

**63.** FED R.CIV P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged"); *see also Baldrige v. Shapiro*, 455 U.S. 345, 360, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982) (stating that the Federal Rules of Civil Procedure prohibit the discovery of privileged information); *see generally Depositions and Discovery, supra* note 57 at § 255.

**64.** *See Spell v. McDaniel*, 591 F.Supp. 1090, 1114 (E.D.N.C.1984) ("Furthermore, the burden of showing that the requested discovery is not relevant to the issues in this litigation is clearly on the party resisting discovery.")

**65.** *See* FED. R. EVID. 401 (defining relevant evidence).

**66.** As Progressive was not writing insurance policies in West Virginia for the periods of this claim prior to April 1, 1996, the compelled production of any such documents before this date is certainly *not calculated to lead to the discovery of admissible evidence and is therefore beyond the scope of admissible evidence and is therefore beyond the scope of discovery as provided by Federal Rule of Civil Procedure 26(b)(1)*. Accordingly, Progressive objects to the proposed findings and recommendations for any time period prior to April 1, 1996 and the proposed findings and recommendation that Progressive's position re-

Defendant confuses the distinction between relevance as defined and applied as between discovery and evidence.[67] The Court may properly Order defendant to produce documents prior to the commencement of its operations in West Virginia so long as such documents "bear[ ] on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."[68] For this reason, Magistrate Judge Seibert properly Ordered defendant to produce documents produced prior to the date defendant began its operations in West Virginia.[69]

### i. Response to Request for Production 9

#### a. Background

 Request for production No. 9 seeks "[t]he complete file of complaints against Progressive required to be kept pursuant to W. Va.Code § 33–11–4(10) for the time period required by W. Va.Code § 33–2–9 and any such information or parts thereof regarding complaints prior to said time period contemplated by said W. Va.Code § 33–2–9."[70]

In response, counsel for the defendant objected stating that the "request is over broad, unduly burdensome, oppressive and unreasonably cumulative ... seeks information that is a matter of public record and equally available to the Plaintiff ... seeks disclosure of information that is irrelevant and not calculated to lead to the discovery of admissible evidence and therefore outside the permissible scope of discovery as defined by Fed.R.Civ.P. 26(b)."[71]

#### b. Argument

In support of its opposition to Magistrate Judge Seibert's Order, requiring defendant to answer and respond fully to this request for production,[72] defendant argues that the Magistrate Judge Seibert's Order is "contrary to the law."[73] Defendant first argues that this request for production does not relate to plaintiff's cause of action against defendant. Specifically, defendant argues that plaintiff's cause of action against defendant, according to plaintiff's pleading, is a claim under the West Virginia Unfair Claims Settlement Practices Act.[74] Consequently, defendant argues that "[p]laintiff must prove that the actions of Progressive in this regard occurred with such frequency to [sic] as to indicate a general business practice."[75] However, defendant argues that plaintiff's discovery request is in no way related to that which plaintiff must prove.[76]

Second, defendant objects to Magistrate Judge Seibert's Order as "contrary to the law" because the information requested is "maintained by the State of West Virginia and [is] therefore ... of public record and equally available to the Plaintiff."[77] For this reason, defendant concludes that the information requested by plaintiff is not discoverable.

#### c. Analysis and Conclusion

Defendant's first argument is without merit because defendant confuses the distinction between relevance as defined and applied between discovery and evidence.[78] Plaintiff's

---

garding these requests was without basis in law or fact.
Doc. # 34 (emphasis added).

**67.** *See supra* notes 58–65.

**68.** *See supra* note 59.

**69.** Doc. # 29 (granting the motion to compel for (1) request no. 9 for "all documents from relating to January 1, 1996 to the present", (2) request no. 11 for "documents from January 1, 1996 to the present", (3) request no. 12 for "documents from to [sic] January 1, 1994 to the present", (4) request no. 13 for "all documents from January 1, 1994 to the present").

**70.** Doc. # 15.

**71.** Doc. # 19.

**72.** Doc. # 29.

**73.** *See supra* note 26.

**74.** Doc. # 34 ("In this case, Plaintiff has alleged a 'third-party' bad faith claim against Progressive .... under West Virginia's Unfair Claims Settlement Practice Act").

**75.** *Id.*

**76.** *Id.* ("Yet, Plaintiff's discovery requests seeking complaints and agency actions against Progressive in no way relate to this burden of proof.").

**77.** *Id.*

**78.** *See supra* notes 58–65.

cause of action against defendant is based upon, in addition to the West Virginia Unfair Claims Settlement Practices Act, "the Unfair Trade Practices Act, as well as the Insurance Regulations promulgated thereunder".[79] Consequently, the general subject matter of the litigation concerns defendant's adherence to insurance regulations. For this reason, information requested concerning defendant's adherence to insurance regulations, as requested in this request for production, is within the scope of the general subject matter of this litigation and, therefore, relevant.[80]

Defendant's second argument is without merit. "[D]iscovery need not be required of documents of public record which are equally accessible to all parties."[81] However, the West Virginia Supreme Court of Appeals previously determined that the information specifically requested by plaintiff is, nevertheless, discoverable.[82]

Consequently, Magistrate Judge Seibert's Order, on this issue, was not clearly erroneous or contrary to the law.[83] Accordingly, the Court denies this objection.

#### ii. Response to Request for Production 11 and 13

##### a. Background

Defendant raises the same objections to the Magistrate Judge's ruling on defendant's response to request for production 11 and 13 as to defendant's response to request for production 9.[84]

---

**79.** Doc. # 1.

**80.** *See supra* note 61.

**81.** *Depositions and Discovery, supra* note 57 at § 265; *see Maryland Minority Contractor's Ass'n, Inc. v. Maryland Stadium Auth.,* 70 F.Supp.2d 580, 597 (D.Md.1998) ("These findings are a matter of public record, and discovery was not necessary for the plaintiffs to obtain them.").

**82.** *See Dodrill v. Nationwide Mut. Ins. Co.,* 201 W.Va. 1, 491 S.E.2d 1, 10 (1996) (stating that the information that the legislature required insurance companies to maintain pursuant to W. Va. Code § 33–11–4(10) "is, of course, subject to discovery") (quoting *Jenkins v. J.C. Penny Cas. Ins. Co.,* 167 W.Va. 597, 280 S.E.2d 252, 260 (1981)).

**83.** *See supra* note 26.

#### b. Analysis and Conclusion

For this reason, the Court refers to the analysis set forth above concerning defendant's objection to Magistrate Judge's ruling on request for production 9.[85]

#### iii. Response to Request for Production 15

##### a. Background

Request for production No. 13 seeks "[a]ll e-mail documents and computer documents, whether reduced to hard copies or not, which in any way relate to the claims handling of the underlying claim by Progressive."[86]

In response, counsel for the defendant objected by attaching a copy of its claims file material and privilege log.[87]

By letter dated October 12, 1999, counsel for the plaintiff further clarified this request. Specifically, counsel for the plaintiff stated

[i]f there are any such e-mail documents or computer documents not listed in your Response to Request for Production No. 2 responsive to Request for Production No. 15, please list those and if they do not exist, please affirmatively state that no such documents other than those referred to your Response for Production No. 2 exist.[88]

Upon consideration of the arguments, Magistrate Judge Seibert Ordered defendant to answer and respond fully to this request for production.[89]

##### b. Analysis and Conclusion

In response to the defendant's objection, the plaintiff further clarified for defendant, the documents plaintiff previously requested.[90] Defendant, however, never responded.[91] Therefore, the Court affirms the Mag-

---

**84.** Doc. # 34 (stating that both requests 9 and 11 "are outside the scope of permissible discovery .... and matters of public record and equally available to the Plaintiff.").

**85.** *See supra* notes 70–83 and accompanying text.

**86.** Doc. # 15.

**87.** Doc. # 19.

**88.** Doc. # 34, Exh. F.

**89.** Doc. # 29.

**90.** *See supra* note 88.

**91.** *See* FED.R.CIV.P. 34(b) ("The party upon whom [the request for production of documents] is

istrate Judge's Order requiring defendant to respond to this request.

### iv. *Response to Request for Production 17*

#### a. *Background*

■ Request for production No. 17 seeks "[a]ll financial incentive agreements which in any way relate to profitability and/or claim performance of Natalie J. Whitaker and her immediate supervisor from October 27, 1997, to November 1, 1998." [92]

In response, counsel for the defendant objected "on the grounds that it is vague and ambiguous as 'all financial incentive agreements' and 'profitability and/or claim performance' are not defined and cannot be defined by Progressive." [93]

Upon consideration of the arguments, Magistrate Judge Seibert Ordered defendant to answer and respond fully to this request for production. [94]

#### b. *Law*

■ A request for production of documents must describe the documents requested with "reasonable particularity." [95] The test for reasonable particularity is whether the request places the party upon "reasonable notice of what is called for and what is not." [96] Therefore, the party requesting the production of documents must provide "sufficient information to enable [the party to

whom the request is directed] to identify responsive documents." [97] Importantly, a document request is not reasonably particular if it merely requests documents "related to a claim or defense" in the litigation. [98]

#### c. *Analysis and Conclusion*

Magistrate Judge Seibert's Order specifies the types of documents defendant must produce: "documents relating to profit-sharing or profits". [99] Therefore, the Court concludes that the Magistrate Judge has narrowed and defined the request to be answered by defendant. The request, coupled with Magistrate Judge Seibert's Order, therefore describes the discovery request with reasonable particularity. [100] The Court, therefore, affirms the Magistrate Judge.

### v. *Response to Interrogatory 9*

#### a. *Background*

Interrogatory 9 seeks "the specific name, address and title of each person who assisted in answering these interrogatories and for each of said persons list which interrogatories were answered by which of said individuals or combination of individuals." [101]

Counsel for the defendant answered stating that "Progressive and Counsel for Progressive answered these interrogatories. These interrogatories are verified pursuant to Fed. R. Cir. (sic) P. 33." [102]

---

served *shall serve a written response* ") (emphasis added).

**92.** Doc. # 15.

**93.** Doc. # 19.

**94.** Doc. # 29.

**95.** *See* FED.R.CIV.P.34(b) (stating that the request shall be set forth with "reasonable particularity."); *Mason C. Day Excavating, Inc. v. Lumbermens Mut. Cas. Co.,* 143 F.R.D. 601, 609 (M.D.N.C.1992) ("Fed.R.Civ.P.34(b) requires that responses to requests for the production of documents must be specific."); *Parsons v. Jefferson–Pilot Corp.,* 141 F.R.D. 408, 412 (M.D.N.C.1992) ("Document requests ... must be described with 'reasonable particularity.' ").

**96.** *Parsons,* 141 F.R.D. at 412.

**97.** *Id.*

**98.** *Id.; see also* FEDERAL PRACTICE AND PROCEDURE, *supra* note 28 at § 2211 ("Particularity of designation, however, like so many other things in life and law, is a matter of degree, dependent upon a pragmatic consideration of the circumstances in each case.").

Therefore, contrary to defendant's argument, "reasonable particularity" does not depend upon whether the party seeking the request for production of documents defined the relevant terms in its request. Doc. # 34 ("Specifically, neither 'financial incentive agreements' nor 'profitability and/or claim performance' were defined anywhere in Plaintiff's discovery request. Thus, this objection was appropriate under Fed.R.Civ.P. 34, since Rule 34 requires Requests for Production of Documents to be stated with 'reasonable particularity.' ").

**99.** Doc. # 29.

**100.** *See supra* notes 95–98.

**101.** Doc. # 15.

**102.** Doc. # 19.

b. *Analysis and Conclusion*

 The Federal Rules of Civil Procedure require that a party answering an interrogatory must sign that interrogatory.[103] Magistrate Judge Seibert's Order reflects this requirement.[104] Therefore, the Magistrate Judge's Order, on this issue, is not "clearly erroneous or contrary to the law." [105] Accordingly, the Court affirms the Magistrate Judge.

vi. *Response to Interrogatory 10*

. a. *Background*

Interrogatory 10 seeks "the name, address and title of all persons who participated in providing the documents requested in the Request for Production of Documents, together with the request number for each of said individuals and set forth which request for production each participated in helping to answer." [106]

Counsel for the defendant answered by referring to its answer to interrogatory 9.[107]

b. *Analysis and Conclusion*

The Federal Rules of Civil Procedure require that a party responding to a discovery request must sign that discovery request.[108] Magistrate Judge Seibert's Order reflects this requirement.[109] Therefore, the Magistrate Judge's Order, on this issue, is not "clearly erroneous or contrary to the law." [110] Accordingly, the Court affirms the Magistrate Judge's Order.

## IV. CONCLUSION

For the above stated reasons, the Court is of the Opinion and **ORDERS** that the "Objections To Proposed Findings And Recommendations By Magistrate Judge Granting In Part Plaintiff's Motion To Compel Discovery" [111] is **DENIED**. Accordingly, the Court · **AFFIRMS** the Magistrate Judge's Order

granting, in part, plaintiff's motion to compel.[112]

---

103. Fed.R.Civ.P. 26(g)(2); Fed.R.Civ P. 33(a); *see also Depositions and Discovery, supra* note 57 at § 216 ("Answers to interrogatories must be signed by the person making them").

104. Doc. # 29.

105. *See supra* note 26.

106. Doc. # 15.

107. Doc. # 19.

108. Fed R.Civ P. 26(g)(2); *see also Depositions and Discovery, supra* note 57 at § 216 ("Answers to interrogatories must be signed by the person making them").

