## CIRCUIT COURT OF ALLEGHANY COUNTY

John Hamilton Stone,
executor of the estate of
Marion Christine Wright Stone,
deceased

v.

Clifton Forge
Health Care, L.L.C.

November 21, 2011

Case No. CL11-78

By JUDGE HUMES J. FRANKLIN, JR.

The present matter arises from a civil suit, *Stone v. Clifton Forge Health Care, L.L.C.*, in the Circuit Court of the City of Roanoke, Case No. CL10-1558. The Defendant in that case, Clifton Forge Health Care (CFHC), operates a long-term care facility, and the Plaintiff is the executor of the estate of Marion Christine Wright Stone (Stone), who died while a resident of the facility. Stone's death occurred during a "field trip" to the Homestead Hotel (the Homestead) in Bath County. To summarize, the complaint alleges that, during the Homestead tour, CFHC "lost" Stone. After being separated from the group, Stone walked unsupervised for some time around the hotel. She eventually fell down a flight of stairs, sustaining serious injuries, and died approximately ten days later at the University of Virginia Medical Center.

During discovery in the suit against CFHC, the Plaintiff sought to depose two of the Homestead's employees, Jessica Brown and Joyce Owens. Mr. Stevens, Counsel for the Homestead, permitted the Plaintiff to depose Brown and Owens but did not permit Brown and Owens to respond to any questions relating to the safety policies and procedures of the Homestead. Brown's and Owens's refusal to answer these questions is the basis of the present Motion to Compel.

The Virginia Supreme Court Rules provide:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Va. Sup. Ct. R. 4:1(b)(1) (2011). This scope is essentially identical to that which governs discovery under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In view of the similarity of the two rules, the interpretation of the federal rule provides persuasive authority in interpreting the Virginia rule.

The Homestead argues that any information regarding its internal policies and procedures is neither relevant to, nor reasonably calculated to lead to the discovery of information that is relevant to, the suit pending against CFHC. It argues that these inquiries "are not aimed at prosecuting the pending claim, but are aimed at developing or investigating a claim against the hotel." Response to Plaintiff's Motion, ¶ 14. It asserts that requiring the Homestead employees to respond to such questions would essentially allow the Plaintiff to conduct discovery against the Homestead prior to alleging any wrongdoing against the Homestead and "without having answered any prior written discovery that would permit the hotel to prepare its defense of the case." *Id.*

However, this Court finds that the scope of discovery under the Rule 4:1 permits the Plaintiff to discover the information sought. Contrary to the Homestead's suggestion, discovery is not limited to only those things that bear on the issues presented by the pleadings. Indeed, "although 'the pleadings are the starting point from which relevancy and discovery are determined . . . relevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information'." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D. W. Va. 2000). *See also Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 500–01 (1947)) ("[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."). Rather, "the general

subject matter of the litigation governs the scope of relevant information for discovery purposes." *Id.*

Federal decisions have held that the burden of establishing that the information is beyond the scope of discovery rests with the party asserting that it is not relevant. *See, e.g., Kidwiler,* 192 F.R.D. at 199 (citing *Spell v. McDaniel,* 591 F. Supp. 1090, 1114 (E.D. N.C. 1984)) ("[T]he party asserting that the information requested is not relevant, and, therefore, not discoverable, bears the burden of establishing that the information is not relevant."). Here, the Homestead has provided no argument to support its contention that the information is not relevant. Rather, it has merely asserted that the inquiries are designed to determine whether the Homestead is liable. But information is not *irrelevant* merely because it can serve an ulterior purpose.

In this case, the information requested relates to the general subject matter of the underlying litigation. That is, I find that the inquiries are reasonably calculated to discover information pertaining to how and why Ms. Stone became lost, wandered around the hotel without supervision for a period of time, and ultimately fell down a flight of stairs and became injured. The discoverability of information is not affected by its utility in establishing the liability of another party, and the plaintiff is entitled to discover information, whether by design or by accident, that bears on the liability of a non-party.

Accordingly, the Court will grant the Plaintiff's Motion to Compel and order the deponents, Brown and Owens, to respond to the inquiries at issue. Pursuant to Rule 4:12(a)(4), the Court will also grant the Plaintiff's request for reasonable costs and fees incurred as a result of this Motion.